## STATE v. WILBURN KING.

(Filed 20 June, 1967.)

**Criminal Law § 19—**

　　Where a cause is transferred from the recorder's court to the Superior Court upon defendant's demand for a trial by jury, defendant may not be tried in the Superior Court upon the original warrant, but must be tried upon an indictment.

APPEAL by defendant from *Falls, J.*, January-February 1967 Regular Criminal Session of HAYWOOD.

On 24 November 1966, L. H. Cagle, a justice of the peace of Haywood County, issued a warrant which charged that defendant, on that date, operated a motor vehicle upon a public highway of North Carolina while under the influence of intoxicating liquor. Defendant was arrested and bound over for trial in the Recorder's Court of Haywood County on 30 November 1966. At that time, defendant moved for a trial by jury. Whereupon, the recorder transferred the case to the Superior Court of Haywood County.

Upon a plea of not guilty, defendant was tried in the Superior Court *upon the warrant* on 31 January 1967. Both the State and defendant offered evidence. The verdict of the jury was "guilty as charged in the *bill of indictment.*" (Italics ours.) From judgment of imprisonment, defendant appealed.

*T. W. Bruton, Attorney General; William W. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.*
*Frank D. Ferguson, Jr.; R. Phillip Haire for defendant.*

PER CURIAM. The record affirmatively discloses that, despite the wording of the jury's verdict, no bill of indictment has been returned against defendant charging him with the crime for which he was tried. "(A) person charged with the commission of a misdemeanor cannot be put on trial in the Superior Court upon the warrant of an inferior court unless he has been tried upon such warrant in the inferior court and has appealed from that court to the Superior Court." *State v. Thomas,* 236 N.C. 454, 462, 73 S.E. 2d 283, 288. *Accord, State v. Smith,* 264 N.C. 575, 142 S.E. 2d 149; *State v. Evans,* 262 N.C. 492, 137 S.E. 2d 811; *State v. Johnson,* 251 N.C. 339, 111 S.E. 2d 297; *State v. Ferguson,* 243 N.C. 766, 92 S.E. 2d 197. The Superior Court of Haywood County, therefore, lacked jurisdiction of the action; defendant's conviction and sentence are void. The judgment is arrested. The solicitor for the district may yet prosecute the defendant for the offense charged in the warrant upon the return of a true bill of indictment.

Judgment arrested.