STATE v. WILLIE LEE MOSES.

(Filed 12 January, 1968.)

**1. Criminal Law § 91—**

   A motion for continuance is ordinarily addressed to the sound discretion of the trial judge, and his ruling thereon is not subject to review absent an abuse of discretion.

**2. Same—**

   A motion for continuance on the ground that the defendant's cases were called for trial within a few minutes after return of the bills of indict-

ment; *held* properly denied where it appears that the indictments were based upon warrants issued by the recorder's court and that the defend-. ant had at least one week's notice that the cases were calendared for trial and where no affidavit was filed, pursuant to G.S. 1-176, detailing facts asserted as a basis for the motion.

APPEAL by defendant from *Snepp, J.,* 7 August 1967 Schedule "C" Criminal Session of MECKLENBURG.

On Tuesday, 8 August 1967, the grand jury returned six indictments which charged respectively that, on 7 May 1967, defendant was guilty of two offenses of reckless driving, a violation .of G.S. 20-140 (cases numbered 50-110 and 50-111); of driving upon the left .side of the highway, a violation of G.S. 20-146 (case No. 50-112); of failing to stop upon the approach of a police vehicle giving an audible signal by siren and blue light, a violation of G.S. 20-157(a) (case No. 50-113); of. operating a vehicle at a speed of 100 MPH in a 60 MPH zone, a violation of G.S. 20-141 (case No. 50-114); and of unlawfully and feloniously failing to stop his vehicle at the scene of an accident in which he was involved and which resulted in injury to Patricia Baucom Hudson, a violation of G.S. 20-166 (case No. 50-115).

The six cases were consolidated and called for trial on the same day the indictments were returned. Defendant, through his counsel, Mr. T. O. Stennett, moved for a continuance upon the sole ground that the cases were called for trial "within a few minutes" after the bills of indictment were returned. "We feel," said Mr. Stennett, "that we would be within our rights in asking for a continuance in the case." In opposing the motion to continue, the solicitor pointed out to the judge that the calendar for that session had been published one week in advance of the beginning of the term; that it listed each of the charges against defendant; and that Mr. Stennett had received a copy of it. The court denied defendant's request for a postponement, and the State offered evidence which tended to establish the following facts:

About 9:10 a.m. on 7 May 1967, Highway Patrolman D. W. Padgett observed defendant operating a 1962 Ford on Interstate Highway No. 85 at a speed of 70 MPH — 5 MPH in excess of the speed limit. When defendant turned from Interstate No. 85 onto N. C. No. 49, the patrolman followed him. After observing defendant run off. the pavement onto the right shoulder, come back onto the hardsurface, and cross the centerline into the lane for opposing traffic, Padgett stopped him and charged him with reckless driving. The officer instructed defendant to follow the patrol car to the county police station so that he could post bond. Instead. of following, defendant drove ·off in .the· opposite direction at a high ·rate ·of speed.

The patrolman gave chase with the blue light on the patrol car flashing and the siren sounding. Defendant ignored these signals to stop and attained a speed in excess of 100 MPH. As he went into a curve, defendant veered to his left of the centerline of the highway and struck an automobile operated by Mrs. Patricia Baucom Hudson which was proceeding in the opposite direction. The Hudson car turned over, and Mrs. Hudson was injured. After the impact, defendant's vehicle continued down the highway approximately 1,056 feet before it hit an oak tree, which stopped it. Defendant was thrown from the car. One of his legs and an arm were broken.

At the close of the State's evidence, the court allowed defendant's motion to nonsuit the felony charge in case No. 50-115 (hit and run). Defendant offered no evidence. In cases Nos. 50-110 and 50-111, the jury found defendant guilty of reckless driving; in cases Nos. 50-112 and 50-113, guilty as charged; in case No. 50-114, guilty of speeding in excess of 80 MPH. The court imposed sentences totaling three years, and defendant appealed. Upon his representations of indigency, the court appointed his trial counsel, Mr. Stennett, to perfect his appeal at the expense of Mecklenburg County.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Deputy Attorney General, for the State.*
*T. O. Stennett for defendant.*

PER CURIAM. Defendant's only assignment of error is that the court erred in overruling his "motion for a continuance in all cases called for trial." The judgment of nonsuit in case No. 50-115, the only felony charge, eliminated the exception to the failure of the court to continue that case. Defendant, while conceding that he had received notice a week prior to the beginning of the term that the five specific misdemeanors charged against him were calendared for trial on 8 August 1967, contends nevertheless "that a constitutional question was brought into play in the denial of the motion for a continuance."

Defendant makes no contention here — nor did he at the trial — that he was taken by surprise when the five indictments were returned against him. Such an assertion could not have been maintained for the indictments were based upon warrants issued by the Mecklenburg County Recorder's Court, where defendant had demanded a jury trial. This demand resulted in the transfer of the cases to the Superior Court, where trial could not have been had upon the warrants. *State v. King,* 270 N.C. 791, 154 S.E. 2d 906. It is also noted that defendant makes no claim here — nor did he assert in the lower court — that he and his counsel needed time to prepare

his defense or to procure witnesses in his behalf. When he made his oral motion for a continuance, defendant did not attempt to support it by affidavit as contemplated by G.S. 1-176. *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520. Indeed, defendant has never suggested any reason whatever for the requested postponement of the trial of the five misdemeanor charges except that he should not have been ruled to trial on the same day the indictments were returned. In many instances this would undoubtedly be a valid contention for "the constitutional guaranty of the right of counsel requires that the accused and his counsel shall be afforded a reasonable time for the preparation of his defense." *State v. Gibson, supra* at 501, 50 S.E. 2d at 523. *Accord, State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386.

In this case, however, no facts appear which would except defendant's motion for a continuance from the general rule that a motion for a continuance is addressed to the sound discretion of the trial judge, whose ruling thereon is subject to review only in case of manifest abuse. 2 Strong, N. C. Index, 2d, Criminal Law § 91 (1967). Whether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice. *State v. Phillip, supra.* Defendant here has shown neither.

No error.