STATE OF NORTH CAROLINA v. ROBY E. CATRETT

No. 6929SC307

(Filed 27 August 1969)

**1. Criminal Law § 91—  motion for continuance — affidavit**

An affidavit pertaining to request for continuance of trial must be filed fifteen days before the trial session convenes. G.S. 1-175.

**2. Criminal Law § 91—  continuance — time to prepare for trial — discretion of trial court**

Ordinarily a motion for a continuance on the ground of a want of time for counsel for accused to prepare for trial is addressed to the sound discretion of the trial judge, and his ruling thereon is not subject to review on appeal in the absence of circumstances showing that he has grossly abused his discretionary power.

**3. Criminal Law § 91;  Constitutional Law § 31—  motion for continuance — appeal — prejudicial error**

Whether a defendant bases his appeal upon an abuse of judicial dis-

cretion or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice.

**4. Constitutional Law § 31;   Criminal Law § 91— motion for continuance — time to find witness — prejudicial error**

Defendant was not prejudiced by denial of his motion for continuance based on affidavit alleging that his counsel did not have sufficient time to procure a witness who would be able to offer testimony favorable to defendant, where evidence on trial showed that the offense was committed around 6:00 or 6:30 p.m. and that defendant had visited the witness, who lived near scene of the crime, prior to 1:30 p.m. on the day of the offense, it being apparent that the witness could not have aided defendant had he been called.

**5. Criminal Law §§ 74, 76— inculpatory statement not amounting to a confession — admissibility — voir dire**

In prosecution charging defendant with aiding and abetting his co-defendant in the felonious breaking and entering of a cabin and in the larceny of personal property therefrom, statement by defendant to a police officer that he dropped the co-defendant near the cabin and that he was supposed to pick him up 30 or 40 minutes later but that he did not know what the co-defendant was planning to do, *is held* not a confession but at most an inculpatory statement and therefore does not require *voir dire* procedure prior to its introduction by the State for the purpose of impeaching defendant's direct testimony.

**6. Criminal Law § 89— impeachment of witness — inconsistent statements**

A witness may be impeached by proof that on other occasions he has made statements inconsistent with his testimony at trial.

**7. Criminal Law § 89— impeachment of witness — inconsistent statements**

Inconsistent statements of a witness may not be used as substantive evidence of the facts stated, nor do they have the effect of nullifying his testimony; they are simply for the consideration of the jury in determining the witness' credibility.

**8. Criminal Law § 95— evidence admissible for restricted purpose**

The general admission of evidence which is competent for a restricted purpose will not be held error in the absence of a request by defendant that its admission be restricted, and a general objection to the testimony is insufficient.

**9. Criminal Law § 89— impeachment of witness — inconsistent statements — admissibility**

In prosecution charging defendant with aiding and abetting his co-defendant in the felonious breaking and entering of a cabin and in the larceny of personal property therefrom, testimony by police officer that defendant told him he dropped his co-defendant near the cabin on the afternoon of the crime and that he was supposed to pick him up 30 or 40 minutes later but that he did not know what the co-defendant was

planning to do, is held admissible, over defendant's general objection, to impeach defendant's testimony on direct examination that on the day of the offense he went with co-defendant to the home of co-defendant's mother and that after he left the house he did not see co-defendant again until after both were arrested that night.

**10. Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence**

State's evidence is held sufficient to be submitted to jury on issues of defendant's guilt of aiding and abetting in feloniously breaking and entering a cabin and in the larceny of personal property therefrom.

APPEAL by defendant from *McLean, J.,* at the January 1969 Session of POLK Superior Court.

Defendant was charged in a bill of indictment with (1) aiding and abetting Ray Pace in the felonious breaking and entering of a certain house belonging to Eddie Lee Brown and (2) aiding and abetting Ray Pace in larceny of certain personal property from said house.

Defendant and Pace were tried together and were represented by the same attorney. Defendant was found guilty as charged and from judgment imposing active prison sentence on the first count and suspended prison sentence on the second count, defendant appealed.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Trial Attorney Claude W. Harris, for the State.*

*Crowell & Crowell by O. B. Crowell, Jr., for defendant appellant.*

PARKER, J.

Defendant first assigns as error the failure of the trial court to grant his motion for continuance of the trial. The record contains an affidavit by defendant's attorney indicating that the affidavit was made on 30 January 1969. The session of court at which defendant was tried convened on 27 January 1969. In the affidavit, defendant's counsel declares that he was employed by Pace prior to the convening of the session; that he was appointed counsel for defendant on 29 January 1969; that he first talked with defendant on Monday afternoon, 27 January 1969, but did not accept employment at that time due to defendant's inability to raise funds with which to employ counsel; that he spent several hours with defendant on the afternoon of 29 January 1969 and that one Knight who lives near Saluda, N. C., was able to provide testimony favorable to defendant but that counsel was unable to get in touch with Knight;

that "there are other persons not now known to (Pace and Catrett) who may have seen the defendant Catrett" on the afternoon the alleged offense was committed at places other than the scene of the offense. When court convened on 30 January 1969, defendant's counsel, on the basis of facts set forth in his affidavit, moved for a continuance of the trial. The court denied the motion.

**[1-4]**   Understandably, the affidavit of defendant's counsel does not conform to G.S. 1-175 requiring that an affidavit pertaining to request for continuance of trial be filed fifteen days before the trial session convenes. "Ordinarily a motion for a continuance on the ground of a want of time for counsel for accused to prepare for trial is addressed to the sound discretion of the trial judge, and his ruling thereon is not subject to review on appeal in the absence of circumstances showing that he has grossly abused his discretionary power." Ervin, J., in *State v. Gibson*, 229 N.C. 497, 50 S.E. 2d 520. Whether a defendant bases his appeal upon an abuse of judicial discretion or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice. *State v. Moses*, 272 N.C. 509, 158 S.E. 2d 617. In the instant case, defendant has failed to show that he was prejudiced by a failure of the court to grant his motion for continuance. Evidence in the case showed that the crime was committed around 6 or 6:30 o'clock on the evening of 31 August 1968. The only witness referred to in counsel's affidavit was a Mr. Knight and the defendant and his codefendant at trial stated that they visited a Mr. Knight near Saluda prior to 1:30 p.m. on 31 August 1968 to inquire about renting a house. It is obvious that Knight, had he been called, could not have aided the defendant. The affidavit states there may have been other witnesses who saw the defendant at a place other than the scene of the crime at the time it was committed, but the affidavit failed to state as a fact that there were such persons. We hold that defendant has failed to show that he was prejudiced by the failure to grant his motion, hence the assignment of error is overruled.

**[5]**   In his next assignment of error, defendant contends that the court erred in admitting "the confession" of defendant in evidence over defendant's objection and without determining the voluntariness of the confession upon a voir dire in the absence of the jury.

The evidence tended to show that the house which was broken into was located on the Old Melrose Road in or near Saluda, N. C. Defendant, testifying in his own behalf, stated that he went with his codefendant Pace to visit Pace's mother at her home around 1:30

p.m. on 31 August 1968; that he (defendant) was drinking at that time and for that reason left the Pace home and that he did not see Pace again until that night after both were arrested. A State's witness had testified that he saw defendant in a red and white Chevrolet in the driveway of the house that was broken into, that Pace was crawling out of a window with some of the stolen property in his hands and that other stolen property was piled up in the yard near the house. After defendant rested his case, witness Carswell, a police officer, was then recalled by the State and was asked if he had a conversation with defendant about defendant's presence on the Old Melrose Road on 31 August 1968. The witness replied that he had and the following occurred:

"Q. What did he tell you, if anything, about who had been with him on the afternoon of the 31st day of August 1968 on the old Melrose Road?

MR. CROWELL: Objection.

THE COURT: Sustained as to Pace. Do not consider this evidence as to Pace, members of the jury, but only as to Catrett.

A. Well, he stated to me that he let Ray Pace out of the car above Mr. Brown's cabin and he was supposed to pick him up in 30 or 40 minutes and he also said he didn't know what —

MR. CROWELL: Objection.

A. — Samuel Ray Pace was planning to do.

THE COURT: Sustained as to Pace. Overruled as to Catrett."

The defendant contends that the statement made by defendant to Officer Carswell was a confession and that the court erred in not conducting a voir dire in the absence of the jury and passing upon the voluntariness and competence of the confession. In his brief, the attorney general contends that the statement made by defendant to Carswell did not constitute a confession or admission and therefore did not require voir dire procedure prior to introduction. Certainly the statement was not a "confession;" at most it was an inculpatory statement.

[6-8]    It is well settled that a witness may be impeached by proof that on other occasions he has made statements inconsistent with his testimony at trial. Stansbury, N.C. Evidence 2d, § 46, p. 88. "Inconsistent statements of a witness may not be used as substantive evidence of the facts stated, nor do they have the effect of nullifying his testimony. They are simply for the consideration of the jury in determining the witness's credibility." (References to citations

omitted.) Stansbury, N.C. Evidence 2d, § 46, p. 90. It is also well established that as a general rule, the general admission of evidence which is competent for a restricted purpose will not be held error in the absence of a request by defendant that its admission be restricted, and a general objection to the testimony is insufficient. 2 Strong, N.C. Index 2d, Criminal Law, § 95, p. 629. The transcript of testimony quoted above indicates that defendant's counsel made a general objection to the challenged evidence.

We do not think the challenged evidence falls within the condemnation of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, where a signed confession was introduced as substantive evidence against the defendant. On the contrary, we think the principle declared in *Walder v. United States,* 347 U.S. 62, 98 L. Ed. 503, is applicable. In that case, at his trial on a charge for sales of narcotics the defendant, on direct examination, testified that he had never sold or possessed narcotics. On cross-examination, he reiterated these assertions. The government then introduced evidence that in connection with an earlier proceeding a heroin capsule had been found in defendant's possession. The trial judge admitted this evidence over defendant's objection that the heroin capsule had been obtained through an unlawful search and seizure. In an opinion by Frankfurter, J., the Supreme Court held that evidence so obtained is admissible to impeach defendant's testimony on direct examination.

*Walder v. United States, supra,* was followed in *Tate v. United States,* 283 F. 2d 377 (U.S. Court of Appeals for the District of Columbia). Burger, J. (now Chief Justice of the Supreme Court of the United States), in writing the opinion, declared that the only question presented was whether it was error to receive, in rebuttal, statements asserted to have been made by appellant to police in a period of alleged "unnecessary delay" between arrest and preliminary hearing in violation of Rule 5(a), Fed. R. Crim. P., 18 U.S.C.A. We quote the following excerpts from the opinion:

> "We assume, arguendo, that the impeaching statements were made during a period of unlawful detention, although the District Court did not reach the question and we need not resolve it on the merits.
>
> \*    \*    \*    \*    \*
>
> "The Supreme Court in Walder was faced, as we are here, with the problem of reconciling two competing policies of the law: (1) the policy that proscribes, as a prophylactic measure, the use of evidence obtained in violation of a rule of law, and (2) the policy which demands truth from witnesses in the judicial

process and which regards an adversary judicial proceeding as a search for truth. * * *

"In the instant case, it is plain that the court did not admit any statement which was *per se* inculpatory. None of the acts described in the challenged statements, in and of themselves, constituted 'elements of the case against him.' The statements, even if true and believed by the jury, described lawful proper acts in which appellant as well as his companions were free to engage.

"* * * Appellant had a right to explain, as he did on direct examination, why and how he happened to be where he was found and arrested with stolen property in his possession. But when he gave one story to the police and another in court, and neither story covered any act which was *per se* inculpatory, the jury was entitled to hear both versions."

[9]    We hold that the challenged testimony was admissible for purpose of impeachment, and the assignment of error relating thereto is overruled.

[10]    Finally, defendant assigns as error the failure of the trial court to grant his motion for judgment of nonsuit. When considered in the light most favorable to the State, as we are bound to do, the evidence and reasonable inferences arising therefrom tended to show: Eddie Lee Brown, a resident of Landrum, South Carolina, owned a summer home or cabin in Polk County on the Old Melrose Road in or near Saluda. Before returning to his home in Landrum some two weeks prior to 31 August 1968, Brown closed his cabin by securing the windows and locking the door. Around 6:00 or 6:30 p.m. on 31 August 1968, he and certain relatives were traveling in a car on Melrose Road going to the cabin. When he was some three-fourths mile from the cabin, he saw a 1959 red and white Chevrolet parked on the side of Melrose Road and just before Brown reached the Chevrolet, it drove out in front of him, went some fifteen feet toward the cabin and stopped on a narrow bridge. Defendant was driving the car and after remaining on the bridge and blocking the road for several minutes drove on toward the cabin. When Brown arrived at the cabin, the Chevrolet was in his driveway with defendant under the wheel. Furniture from the cabin was piled in the yard and Pace was climbing out of an open window with two frying pans in his hands. Pace ran out back of the cabin and defendant drove the Chevrolet, the property of Pace, out of the driveway and on Melrose Road to the next house where he turned around and went back in the same direction from which he came.

Brown found a window screen torn off and the window prized up. A considerable quantity of the contents of his cabin was piled in the yard. Police found defendant highly intoxicated in the Chevrolet about one hundred yards from the cabin. Defendant and Pace are brothers-in-law.

We hold that the evidence was sufficient to support the charges of aiding and abetting in breaking and entering the cabin and larceny of personal property therefrom, and the court did not err in overruling the motion to nonsuit. The assignment of error is overruled.

The judgment of the superior court is

Affirmed.

MALLARD, C.J., and BRITT, J., concur.