State v. Roberts

STATE OF NORTH CAROLINA v. LONNIE ROBERTS

No. 7223SC326

(Filed 28 June 1972)

**Criminal Law § 91— denial of continuance — illness of defendant's wife**
The trial court did not err in the denial of defendant's motion for continuance made on the ground that defendant's wife was going to be admitted to a hospital on the following day, where the trial court had previously informed defense counsel that a doctor's certificate verifying that defendant's wife was ill would be required, but no such certificate was presented, and there was no showing that defendant planned to call his wife as a witness or what her testimony would have been.

APPEAL by defendant from *Crissman, Judge,* 6 December 1971 Regular Session, Superior Court, WILKES County.

Defendant was charged in a valid bill of indictment with feloniously discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1. The case was consolidated, without objection, with two other misdemeanor charges for the purpose of trial, and the jury returned a verdict of guilty as to each of the three offenses. Defendant's appeal is from the conviction and resulting sentence for the felony.

*Attorney General Morgan, by Assistant Attorney General Mitchell, for the State.*

*Whicker, Vannoy and Moore, by Howard C. Colvard, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant's sole assignment of error is that the trial court abused its discretion in denying his motion for a continuance made at the beginning of trial. *State v. Garner,* 203

N.C. 361, 166 S.E. 180 (1932) ; *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520 (1948). On 8 December 1971, the trial court informed defendant's attorney that before ruling on any motion for a continuance, he would require a doctor's certificate verifying that defendant's wife was ill. On 9 December 1971, the case was called for trial but before any evidence was presented, defendant moved for a continuance. Defendant's attorney admitted that he did not have the required doctor's certificate. Defendant's attorney did go on to say, however, that he did have a card which was an application to admit the defendant's wife to the hospital on the following day, 10 December 1971. In his discretion, the trial court denied defendant's motion for a continuance, and an exception was duly noted.

The record of the case on appeal contains no showing that defendant planned to call his wife as a witness or if he did, what her testimony would have been.

> "Whether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice. (Citation omitted.)" *State v. Moses,* 272 N.C. 509, 512, 158 S.E. 2d 617 (1968).

We find neither error nor prejudice in this case.

No error.

Judges VAUGHN and GRAHAM concur.