STATE OF NORTH CAROLINA v. CARROLL DON HELMS

No. 7222SC630

(Filed 20 September 1972)

1. **Criminal Law § 91— denial of motion for continuance — no abuse of discretion**

The trial court did not abuse its discretion in denying defendant's motion for continuance where defendant was represented by counsel

employed some three weeks before the commencement of his trial and the counsel knew the date when defendant's cases were calendared for trial.

**2. Homicide § 21— manslaughter — sufficiency of evidence to withstand nonsuit**

In a prosecution for manslaughter and for operating a vehicle upon the highway while under the influence of intoxicating liquor, State's evidence was sufficient to withstand motion for nonsuit where it tended to show that defendant's automobile was traveling at a high speed at night on an 18-foot-wide road, that it crashed into an automobile and truck parked on the side of the road, that four persons were killed, including defendant's sister who was riding with him in his automobile, that both defendant and his sister were thrown from the vehicle, that analysis of defendant's blood sample taken after the crash showed an alcoholic content of .19% and that defendant stated that he was the driver of his vehicle.

**3. Homicide § 21— extra-judicial confession — independent proof of corpus delicti — sufficiency of evidence aliunde confession**

The rule that an extra-judicial confession, standing alone, cannot be used to prove the commission of a crime but that there must also be independent proof of the *corpus delicti* had no application in a manslaughter prosecution where there was ample evidence *aliunde* the statement made by defendant to a patrolman that he was the driver of his car at the time of the accident to establish the commission of the crime.

ON *Certiorari* to review judgment of *Kivett, Judge,* 31 January 1972 Session of Superior Court held in IREDELL County.

By four separate bills of indictment defendant was charged with four counts of involuntary manslaughter. By warrant defendant was also charged with driving a vehicle upon a highway within this State while he was under the influence of intoxicating liquor, this being a second offense. All cases arose out of the same automobile collision which occurred on the night of 2 April 1971 and which resulted in the deaths of four persons. Defendant was first tried and convicted in the district court of the misdemeanor charge contained in the warrant. He appealed to the superior court for trial *de novo.* In the superior court all cases were consolidated for trial and defendant pleaded not guilty to all charges. He was found guilty in all cases, which were then consolidated for purposes of judgment. Because of illness of the trial judge, prayer for judgment was continued until 27 March 1972, when judgment was entered sentencing defendant to prison for a term of not less than five nor more than ten years. Defendant gave notice

of appeal but failed to docket the record on appeal in apt time. This Court granted his petition for certiorari.

*Attorney General Robert Morgan by Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Sower, Avery & Crosswhite by William E. Crosswhite for defendant appellant.*

PARKER, Judge.

[1] Defendant first assigns error to the overruling of his motion for a continuance. It is well settled that a motion for continuance is ordinarily addressed to the sound discretion of the trial judge and that his ruling thereon is not subject to review absent a showing of an abuse of discretion. *State v. Moses*, 272 N.C. 509, 158 S.E. 2d 617. No abuse of discretion has been shown in the present case, nor does the record support defendant's contention that by overruling the motion defendant was in any way deprived of effective assistance of counsel or that his constitutional right to a fair trial was in any way impaired. Defendant was represented at his trial by counsel of his own choosing employed by him some three weeks prior to the date his trial commenced, and the record discloses that the counsel understood at that time the date when defendant's cases were calendared for trial.

[2] There was ample evidence to sustain the jury's verdict, and defendant's motions for nonsuit were properly overruled. The State's evidence, taken in the light most favorable to it, tended to show: Defendant's automobile, traveling at a high speed at night on an 18-foot-wide road, crashed into an automobile and a truck which were parked along the side of the road while a flat tire on the automobile was being changed. The collision resulted in the deaths of four persons, including defendant's sister who was riding with him in his automobile. Immediately following the crash, defendant and his sister were found lying outside of his automobile. Analysis of a sample of blood taken from defendant at the hospital after the crash revealed an alcoholic content of .19 percent. When defendant regained consciousness some weeks following the crash, he stated to the investigating highway patrolman that he had been the driver of his automobile when the collision occurred. This statement was made by the defendant after he had been fully

advised by the patrolman of his constitutional rights and had voluntarily waived those rights.

[3] Defendant cites the rule, followed in this State, that an extrajudicial confession, standing alone, cannot be used to prove the commission of a crime but that there must also be independent proof of the *corpus delicti*. This rule has no application to the present case. "The *corpus delicti* in criminal homicide involves two elements: (1) The fact of the death. (2) The existence of the criminal agency of another as the cause of death." 41 C.J.S., Homicide, § 312, p. 5; *State v. Hamilton*, 1 N.C. App. 99, 160 S.E. 2d 79. There was here ample evidence *aliunde* the statement made by defendant to the patrolman to establish the *corpus delicti*.

The court's charge to the jury, considered as a whole, was free from prejudicial error. In defendant's trial and in the judgment appealed from we find

No error.

Judges VAUGHN and GRAHAM concur.