STATE OF NORTH CAROLINA v. ROBERT LEE RAY

No. 7212SC816

(Filed 20 December 1972)

Criminal Law § 91— defendant represented by court-appointed counsel — denial of continuance to employ private counsel

The trial court did not abuse its discretion in the denial of a motion by a defendant represented by court-appointed counsel that the case be continued so that he could employ private counsel.

APPEAL by defendant from *Clark, Judge,* 7 August 1972 Criminal Session of Superior Court held in CUMBERLAND County.

Defendant was charged in a bill of indictment, proper in form, with the offense of armed robbery. When the case was called for trial at the 7 August 1972 Session of court, the Public Defender, who had been appointed to represent defendant, made the following motion on defendant's behalf:

"The defendant moves for a continuance on the basis that Mr. Ray lacks confidence in the ability of his counsel to represent him. He has had contact with Mr. William S. Geimer of the Cumberland Bar. He agreed to represent him for a fee, unknown to myself, and Mr. Ray has stated that he can obtain this fee by Thursday of this week."

The court denied the motion for a continuance after making the following findings of fact, which are not in dispute:

"The Court finds that the charges against the defendant have been pending for some several months and that defendant made affidavit of indigency and the Court appointed the Honorable Sol Cherry, Public Defender's Office, to represent the defendant on May 31, 1972. That the

State v. Ray

Honorable Sol Cherry first conferred with the defendant around about May 31, 1972. That the defendant has not heretofore, up until this date, claimed or contended to Mr. Cherry that he felt Mr. Cherry was incompetent and that he desired further counsel; that the case has been duly calendared for trial and that the State at present has subpoenaed from the City of Chicago, Illinois, a material State's witness and the State is ready for trial; that Mr. Cherry has not contended that he was not ready for trial because of lack of witnesses or from any other reason, prior to making his motion for a continuance."

The jury returned a verdict of guilty and defendant appeals from judgment entered upon the verdict imposing a sentence of imprisonment for a term of seven years.

*Attorney General Morgan by Assistant Attorney General Melvin and Assistant Attorney General Ray for the State.*

*Sol G. Cherry, Public Defender, Twelfth Judicial District, for defendant appellant.*

GRAHAM, Judge.

The only assignment of error brought forward on appeal is directed to the court's denial of defendant's motion to continue the case so that he might employ private counsel.

A motion for continuance is ordinarily addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review absent an abuse of discretion. 2 Strong, N. C. Index 2d, Criminal Law, § 91; *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526; *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617. Defendant's court-appointed counsel candidly states that he has found no authority in support of an argument that the trial court abused its discretion in denying defendant's motion under the circumstances presented. We hold that the trial court's findings of fact, which are not challenged, affirmatively show that there was no abuse of discretion in denying defendant's motion.

At the request of defendant's counsel we have reviewed the record, and we conclude that it is free from prejudicial error.

No error.

Judges CAMPBELL and BROCK concur.