State v. Bryant

STATE OF NORTH CAROLINA v. EARL BRYANT

No. 737SC494

(Filed 25 July 1973)

1. Criminal Law § 91— motion for continuance denied — no error

Where defendant argued in support of his motion for continuance that some of the witnesses to be called on his behalf were in Central Prison, but he did not name those witnesses or state what facts were expected to be testified to by them or that the evidence would be procured at or before some named subsequent term, the trial court did not err in denying the motion.

2. Criminal Law § 15— motion for change of venue — denial proper

Defendant's assignment of error to denial of his motion for change of venue is overruled where defendant's argument was based upon matters not in the record and no argument on behalf of the motion was presented to the trial court.

3. Criminal Law § 169— failure to make motion to strike — waiver of objection

Defendant waived his objection to a witness's statement where defendant did not move to strike the statement and where the statement was made while the witness was being cross-examined by defendant but defendant failed to bring forward his question to which the witness was presumably responding.

4. Burglary and Unlawful Breakings § 4; Larceny § 6— evidence of possession of property not listed in warrant or indictment — no error

In a prosecution for felonious breaking and entering and felonious larceny, defendant was not prejudiced by testimony that he had possession of personal property not listed in the indictment or warrant where the State did not contend at trial that possession of the items was illegal or the result of illegal activity.

5. Criminal Law § 95— evidence competent for restricted purpose — instruction sufficient

Where, immediately prior to testimony by a witness relating to a conversation with another witness, the court instructed the jury concerning the purpose for which they could consider such evidence,

it was not necessary for the court to repeat the instruction each time defendant objected to a question relating to the conversation.

**6. Burglary and Unlawful Breakings § 6; Larceny § 8— possession of recently stolen goods — sufficiency of instructions**

    In a breaking and entering and larceny case the trial court did not commit prejudicial error in instructing the jury that the State was relying on the doctrine of "recent possession" where the court thereafter correctly instructed the jury on the presumption arising from the possession of "recently stolen goods."

APPEAL by defendant from *Webb, Special Judge,* 4 December 1972 Session of Superior Court held in WILSON County.

Defendant was convicted of felonious breaking and entering and felonious larceny.

The State's evidence tended to show, in pertinent part, the following. When Janet Tomlinson returned to her home in Black Creek late on Monday, 21 February 1972, having been away since the preceding Thursday, 17 February 1972, she discovered that her home had been broken into and that two television sets and a stereo system, totaling in value approximately nine hundred dollars, had been taken without her permission. On the 19th of February, at Bobby Deans' house, defendant sold a small portable color television set and a tape recorder to Earl Johnson for $150.00. Johnson was also given a large color television set which didn't work and a twenty-two caliber rifle. Deans obtained a stereo system from defendant along with an electric skill saw, an electric drill and a portable welder for which he paid defendant $75.00. These sales were witnessed by Deans' wife and by defendant's niece, Annette Bryant. Defendant told Annette that the goods had come from Black Creek. The next morning Johnson loaded the goods into his automobile, with the large television set projecting above the dashboard in the front seat. Defendant told Johnson that he would leave ahead of Johnson and "if he saw any kind of law [defendant] would come back and meet [Johnson] and blink his lights or something. . ." to let Johnson know it was unsafe to proceed. When Johnson reached the highway, he met a State Highway Patrolman who followed him back to Deans' house and took him into custody. Deans later went to the Sheriff's Office, confessed his part in the transaction and aided in the recovery of the stolen property. The two television sets and the stereo system purchased from defendant were identified as belonging to Tomlinson.

Defendant's evidence tended to show that on 19 February 1972, while he was on a weekend pass from prison, defendant was with his wife and two others and that he did not see Deans or Johnson. Dennis Bryant and Michael Bryant, both of whom had been convicted of the breaking, entering and larceny at Tomlinson's, testified that defendant did not participate in the break-in. Defendant testified in his own behalf and denied having broken into any house on 19 February. Defendant admitted having pleaded guilty to four previous charges of breaking and entering and larceny and denied threatening or trying to bribe any witnesses in this case.

The State's rebuttal evidence tended to contradict details of defendant's evidence and to show that defendant promised to pay $500.00 to Michael Bryant "to go along with" defendant's story. Michael was called by defendant in rebuttal and denied having said that defendant offered him money of any kind.

Defendant was sentenced to serve eight to ten years in prison.

*Attorney General Robert Morgan by Raymond W. Dew, Jr., Assistant Attorney General, for the State.*

*John L. Whitley for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first challenges the denial of his motion for continuance. The record indicates that defendant's court-appointed counsel argued in support of his motion that some of the witnesses to be called on defendant's behalf were in Central Prison, but counsel failed to name those witnesses or state what facts were expected to be testified to by them or that the evidence would be procured at or before some named subsequent term. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844. At trial, defendant, his wife, two witnesses housed in the Umstead Youth Center and a witness who allegedly acted as a babysitter for defendant's children on 19 February all testified on behalf of defendant and their evidence tended to support defendant's denial of participation in the offenses charged and to support his defense of alibi. "Whether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice." *State v. Moses,* 272 N.C. 509, 512, 158 S.E. 2d 617; *State*

*v. Roberts*, 15 N.C. App. 237, 189 S.E. 2d 637. Defendant has failed to show either error or prejudice and his first assignment of error is overruled.

[2]  Defendant next argues that he was prejudiced by denial of his motion for a change in venue. His argument is based upon matters not in the record and no argument on behalf of defendant's motion was presented to the trial court. Defendant's second assignment of error is overruled.

[3]  In his third assignment of error defendant challenges the court's failure to strike testimony to the effect that the witness was told by another that defendant had admitted stealing the goods. This assignment of error is overruled. The statement was made while the witness was being cross-examined by defendant and defendant does not bring forward his question to which the witness was presumably responding. Moreover, defendant did not move to strike the answer and has, consequently, waived his objection.

[4]  Assignment of error number four challenges the overruling of defendant's objections to testimony that defendant had possession of personal property not listed in the indictment or warrant. Defendant argues that the State offered no evidence to show that defendant had been convicted of stealing the items mentioned and that he was prejudiced in that the jury may have considered possession of these items to have been evidence that defendant was guilty of other crimes. We disagree. The items complained of were not introduced as substantive evidence and the State did not contend at this trial that possession of these items was illegal or the result of illegal activity. Defendant has failed to demonstrate how he was prejudiced by this evidence and this assignment of error is overruled. *See State v. Salem*, 17 N.C. App. 269, 273, 193 S.E. 2d 755, cert. denied, 283 N.C. 259, 195 S.E. 2d 692.

[5]  In his seventh assignment of error defendant challenges the failure of the trial court to instruct the jury that certain testimony by Annette relating a conversation with another witness could only be considered as corroborative. Immediately prior to the evidence objected to, and without request from defendant, the court instructed the jury concerning the purposes for which they could consider such evidence. It was not necessary for the court to repeat this instruction each time defendant objected to a question relating to the conversation.

[6]   Defendant's next assignment of error is based upon the fact that the trial court charged the jury that ". . . the State is relying on what is sometimes known as the doctrine of recent possession." Defendant argues that use of the term "recent possession" was apt to confuse the jury by indicating that the presumption raised by the doctrine may be applied against anyone who had the property in his possession regardless of the time of its theft. As is pointed out in *State v. Jackson,* 274 N.C. 594, 164 S.E. 2d 369, it is the possession of recently stolen goods which gives rise to the presumption, so that if possession is recent but the theft occurred long before such possession, no inference of guilt arises. In the present case the court instructed the jury in pertinent part that if they found beyond a reasonable doubt that defendant ". . . had possession of the two television sets and the stereo set, so soon after they were stolen and under such circumstances as to make it unlikely that he obtained possession honestly you may consider this together with all the facts and circumstances in deciding whether or not the defendant is guilty of breaking and entering and larceny." In addition, the jury was instructed that they must be satisfied beyond a reasonable doubt that the property in defendant's possession was the same property taken from the Tomlinson home before considering the time lapse between the theft and defendant's possession. The evidence indicated that Tomlinson was absent from her home from 17 February to 21 February 1972 and that on 19 February 1972 defendant had possession of goods identified as having come from Tomlinson's home. This assignment of error is overruled.

We have carefully examined defendant's remaining assignments of error. We find no prejudicial error in the trial.

No error.

Judges BROCK and BALEY concur.