STATE OF NORTH CAROLINA v. LAWRENCE EDWARD SAMUELS

No. 7421SC974

(Filed 5 March 1975)

1. Criminal Law § 76— statements during search — constitutional warnings — volunteered statements

Statements made by defendant during a search of his apartment for narcotics were properly admitted in evidence where the court found upon supporting evidence that when defendant was arrested and advised of his rights before making the statements, he repeatedly said, "I know all that stuff," and that each of defendant's statements was made "suddenly, spontaneously and voluntarily" and was not in response to police interrogation.

2. Criminal Law § 91—denial of continuance to obtain new counsel

The trial court did not err in the denial of defendant's motion for continuance for the purpose of retaining new counsel where defendant had court-appointed counsel who was ready for trial and the charges against him had been pending for six months.

APPEAL by defendant from *Exum, Judge.* Judgment entered 16 August 1974 in Superior Court, FORSYTH County. Heard in the Court of Appeals 11 February 1975.

Defendant was indicted for possession of heroin in violation of the North Carolina Controlled Substances Act. He also was charged in separate warrants with possession of the controlled substances marijuana, morphine, cocaine and ethchlorvynol. Defendant pleaded not guilty and the cases were consolidated for trial.

The State's evidence tended to show that on 8 February 1974 officers of the Winston-Salem Police Department, having obtained two search warrants, went to an apartment at 911 East 3rd Street, Winston-Salem, where defendant sometimes

resided. They found defendant standing in the bedroom. After reading the warrants to him, the officers began their search. Under the mattress they found an envelope containing material shown by preliminary tests to be marijuana. Defendant was then placed under arrest and given his *Miranda* warnings. The officers continued searching the apartment and discovered other controlled substances and drug paraphernalia. In the dresser they found a steel box which they opened with a key produced by defendant. Inside the box were scales, spoons, tape, gauze and a sifter. As these items were being removed, defendant said, "You are not going to find anything on that stuff. I have washed it. It's all clean." In the hall closet was a jacket containing a letter addressed to Samuels and a packet of white powder. When this was discovered, he said, "That is not mine. All my dope is brown." Finally, when officers found more drugs in a trash bag in the kitchen, defendant said, "That is the stuff I use to cut with. You're a day too late. I sold everything."

After conducting a *voir dire* hearing, the trial court concluded that all of the above statements were admissible in evidence. Defendant did not object to the introduction of physical evidence obtained during the search. He testified that he was not a resident of the apartment and had no knowledge of the drugs found there. Defendant's girl friend testified that she lived in the apartment with her son and also had no knowledge of the drugs.

The jury found defendant guilty of all five charges against him. From judgment imposed thereon, he appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Robert P. Gruber, for the State.*

*Nelson, Clayton, Boyles & Roscoe, by Laurel O. Boyles, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the trial court erred in denying his motion to suppress inculpatory statements made during the search. He argues that the court's findings on *voir dire* do not support the conclusion that he voluntarily and understandingly waived the right to remain silent.

A trial court's finding of voluntariness, when supported by competent evidence, is conclusive on appeal. *State v. Thomp-*

*son,* 285 N.C. 181, 203 S.E. 2d 781 (1974) ; *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404 (1971) ; *State v. Wright,* 275 N.C. 242, 166 S.E. 2d 681, *cert. denied* 396 U.S. 934 (1969). Moreover, volunteered statements are admissible regardless of waiver. *Miranda v. Arizona,* 384 U.S. 436 (1966) ; *State v. Blackmon,* 284 N.C. 1, 199 S.E. 2d 431 (1973) ; *State v. Haddock,* 281 N.C. 675, 190 S.E. 2d 208 (1972) ; 2 Stansbury, N. C. Evidence (Brandis rev.), § 184.

In the case at bar, the trial court found that when defendant was arrested and advised of his rights, he repeatedly said, "I know all that stuff." The court further found that each of defendant's statements was made "suddenly, spontaneously and voluntarily" and not in response to police interrogation. These findings are supported by the evidence. The motion to suppress was properly denied.

[2] Defendant also assigns as error the trial court's denial of his motion for a continuance for the purpose of retaining new counsel. He does not contend that his constitutional rights have been violated. His motion therefore rests in the trial court's discretion, reviewable only upon a showing of abuse. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1971) ; *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617 (1967). Defendant had been found indigent and had obtained court-appointed counsel, who was prepared for trial. Charges against him had been pending for almost six months. We find no abuse in refusing to order a continuance at this late date.

We have carefully examined the record and find no error prejudicial to defendant.

No error.

Judges VAUGHN and MARTIN concur.