ELMORE, Judge.
On 11 March 2013, Drew Martin (defendant) was indicted on twelve counts of trafficking in heroin, three counts of conspiracy to traffic heroin, two counts of maintaining a motor vehicle for the purpose of selling or keeping heroin, and two counts each of possessing, selling, and delivering heroin. On 15 November 2013, after a jury trial, defendant was convicted of all charges except maintaining a motor vehicle for the purpose of selling or keeping heroin. Defendant was sentenced as a record level IV to a consolidated term of 225 to 282 months imprisonment. Defendant appeals. After careful consideration, we conclude that defendant received a trial free from prejudicial error.
I. Background
The State's evidence at trial tended to show: In 2012, the Greenville Police Department and the Pitt County Sheriff's Department, working with paid informant James Hodges (Hodges), set up a series of hand-to-hand drug buys ("drug buys" or "controlled buys") in Greenville with defendant.
Law enforcement officers told Hodges to arrange the drug buys from defendant on July 2, 5, 10, 18 and 19, 2012. Law enforcement facilitated the controlled buys by equipping Hodges with video and audio recording devices and by allotting him money to purchase heroin based on the market price. Three of the five July controlled buys were captured by audio and video recording, and the recordings were played for the jury at trial. After the controlled buys, Hodges would turn over capsules containing a tan powdery substance to law enforcement. The capsules were sent to a forensic crime laboratory for testing. Detective Brett Foust identified defendant as the dealer involved in each drug buy with Hodges.
Defendant informed Hodges that he intended to travel out-of-state to purchase more heroin. In early August 2012, law enforcement tracked defendant as he traveled from Ohio to North Carolina in a rental car. When the vehicle entered Pitt County, Deputy Jason Dear initiated a traffic stop. Deputy Dear walked his canine around the car to see if the dog would alert for drugs. Officer Dear testified that his canine "g[a]ve an aggressive alert" to "an odor of narcotics" on the passenger side of the vehicle where defendant was sitting. Deputy Dear confiscated a plastic baggie containing a tan powdery substance that he believed to be heroin. Deputy Dear arrested defendant and had the substance sent to a forensic crime laboratory for testing.
Dr. Michael A. Kuzemko, an expert in forensics at the Pitt County Sheriff's Department Crime laboratory, tested the substances seized from the series of July controlled buys, as well as the substance confiscated from the traffic stop on 2 August 2012. Dr. Kuzemko testified that he had "no doubt" that the substances were heroin, each weighing between .4191 grams and 53.9247 grams.
Defendant's case was set for trial on 12 November 2013. On 24 April 2013, defendant's counsel filed a request for voluntary discovery. The trial court granted defendant's motion, and the State provided defense counsel with the discovery pertaining to the forensic testing of the alleged controlled substances. Specifically, the State turned over the lab testing results, fifty-three pages of graphs and charts, four pages of Dr. Kuzemko's handwritten bench notes, his expert conclusions, and his curriculum vitae(CV).
On 26 August 2013, defendant was appointed new trial counsel. On 23 October 2013, defendant's counsel filed an ex partemotion for a court-funded expert witness to assist counsel in preparing for trial. Subsequently, on 1 November 2013, defendant's counsel filed a motion for additional discovery relating to Dr. Kuzmeko's testing procedures and laboratory protocol.
At the commencement of trial, the judge denied both defendant's ex partemotion for a court-funded expert witness and his motion for additional discovery. Defendant then made an oral motion to continue on the basis that he had a pro Bonoexpert witness who was willing to testify on defendant's behalf; however, the expert was allegedly unavailable until December. The trial court denied this motion as well. Defendant appeals from the trial court's denials of his motions.
II. Analysis
On appeal, defendant directs our attention to three possible errors: (i) the denial of defendant's motion for discovery requesting testing procedures and protocol; (ii) the denial of defendant's ex partemotion seeking court-funded expert assistance; and (iii) the denial of defendant's oral motion to continue to accommodate a pro Bonoexpert witness. Defendant's third argument is further supported by a separate motion for appropriate relief filed in this Court on 3 June 2015. We will address each of defendant's arguments in turn.
(i) Motion for Additional Discovery
Defendant argues the trial court committed reversible error by denying his 1 November 2013 motion for additional discovery. Specifically, defendant argues that he was entitled to copies of laboratory testing procedures and protocols prior to trial in order to help him prepare the cross-examination of the State's expert witness, Dr. Kuzemko. We disagree.
N.C. Gen.Stat. § 15A-903 provides:
Upon motion of the defendant, the court must order: [t]he State to make available to the defendant the complete files ... includ[ing] the ... results of tests and examinations, or any other matter or evidence obtained during the investigation ... in addition to any test or examination results, all other data, calculations, or writings of any kind shall be made available to the defendant, including, but not limited to, preliminary test or screening results and bench notes.... The defendant shall have the right to inspect and copy or photograph any materials contained therein.... Each such witness shall prepare, and the State shall furnish to the defendant, a report of the results of any examinations or tests conducted by the expert. The State shall also furnish to the defendant the expert's curriculum vitae, the expert's opinion, and the underlying basis for that opinion.
N.C. Gen.Stat. § 15A-903(a)(1)-(2) (2013). We have construed this section to entitle "a criminal defendant to pretrial discovery of not only conclusory laboratory reports, but also of any tests performed or procedures utilized by chemists to reach such conclusions." State v. Edwards,174 N.C.App. 490, 494, 621 S.E.2d 333, 336 (2005) (citation omitted). "This information is necessary for the defendant to understand the testing procedure and to conduct an effective cross-examination of the state's expert witness."Id.However, "an affirmative explanation of the extent and import of each test and test result, which would amount to requiring the creation of an otherwise nonexistent narrative" is not required. State v. Allen,222 N.C.App. 707, 735, 731 S.E.2d 510, 529 (2012).
In Cunningham,the State provided the defendant with the SBI "laboratory report" prior to trial, which was limited to a statement that the material analyzed contained cocaine and revealed only the ultimate result of the numerous tests performed. State v.. Cunningham,108 N.C.App. 185, 192, 423 S.E.2d 802, 807 (1992). As such, the defendant argued that the trial court erred by denying his motion to discover what tests were performed on the alleged cocaine and whether the testing was appropriate, or to become familiar with the test procedures. Id.This Court held that, while the information sought by the defendant was discoverable by statute and under the North Carolina Constitution, the defendant's right to this information was not unqualified as there was no evidence that the information sought was exculpatory. Id.at 196, 423 S.E.2d at 809. Further, even under the heightened "harmless beyond a reasonable doubt" standard applied by this Court to constitutional errors, this Court held that the defendant's argument lacked merit because the State presented overwhelming evidence of the defendant's guilt. Id.at 196-97, 423 S.E.2d at 809.
Initially, we note that defendant in the instant case received a lab report prior to trial, which contained the testing results, charts and graphs relating to the testing, Dr. Kuzemko's handwritten bench notes, and his CV. However, assuming arguendothat the trial court erred in denying defendant's motion for additional discovery to include testing procedures and protocols, we hold that any such error was harmless beyond a reasonable doubt because the State presented overwhelming evidence of defendant's guilt.
Specifically, Detective Brett Foust testified that he, along with multiple other officers, witnessed defendant sell informant Hodges capsules containing a tan powdery substance on five occasions in July 2012. Three of five of these controlled buys were recorded, and the recordings were entered into evidence by the State. Further, Hodges testified that after the July drug buys were completed, defendant "let [Hodges] know he was getting ready to go pick up" additional quantities of heroin. Law enforcement tracked defendant using a cell phone. When defendant returned from a trip out-of-state, Deputy Jason Dear testified that he stopped the vehicle in which defendant was a passenger and ultimately confiscated a plastic baggie containing a tan powdery substance found in a sock close to defendant. The State's expert, Dr. Kuzemko, testified that the substance recovered during each of the drug buys in July and at the traffic stop in August was in "no doubt" heroin. Further, Dr. Kuzemko testified that the amount of heroin confiscated from the controlled buys and from the August seizure ranged from .4191 to 53.9247 grams.
Viewed in totality, the State presented ample evidence to support the jury's verdicts. Thus, even if defendant had received discovery relating to Dr. Kuzemko's testing procedures and protocol, the outcome of defendant's trial would very likely have been the same. Accordingly, assuming the trial court erred, the error was harmless beyond a reasonable doubt. See id.
(ii) Defendant's ex parte motion for a court-funded expert witness
Defendant argues that the trial court erred in denying his motion to appoint an expert to assist in the preparation of his defense. We disagree.
Under N.C. Gen.Stat. § 7A-450(b) (2013), if a defendant is determined to be indigent, "it is the responsibility of the State to provide him with counsel and the other necessary expenses of representation." We have interpreted this statute to entitle a defendant to state-funded expert assistance only upon a particularized showing that: "(1) he will be deprived of a fair trial without the expert assistance, or (2) there is a reasonable likelihood that it will materially assist him in the preparation of his case." State v. Brown,357 N.C. 382, 387, 584 S.E.2d 278, 281 (2003) (citations and quotations omitted). "The determination of whether a defendant has made an adequate showing of particularized need lies largely within the discretion of the trial court." Id.The "[m]ere hope or suspicion that favorable evidence is available is not enough." Id.Likewise, the "general desire to discover evidence which might be used for impeachment purposes d[oes] not satisfy the requirement that a defendant demonstrate a threshold showing of need." State v. Moore,321 N.C. 327, 346, 364 S.E.2d 648, 658 (1988). Further, "trial counsel['s] show [of] great skill and knowledge in cross-examining the State's medical and chemical experts[,]" suggests that appointing an additional expert witness is more likely to be unnecessary for defendant to receive a fair trial. See State v. Johnson,317 N.C. 193, 200, 344 S.E.2d 775, 779 (1986).
Here, defendant contends that he was entitled to the assistance of a chemical expert to help defense counsel "thoroughly audit the work product of the Pitt County laboratory" and to help "prepare cross-examination questions for the State's expert witness." Defendant argues that because Dr. Kuzemko did not follow standardized SBI testing procedures, defense counsel "could not begin to understand the deficiencies in [Dr.] Kuzemko's lab work." This is because defense counsel "had no education in chemistry and was not a scientist." Further, without a clear understanding of the lab protocols and procedures, defendant argues that his counsel was unable to demonstrate on cross-examination why the test results were not credible.
It appears that defendant seeks to use the appointed expert to impeach Dr. Kuzemko's testimony and discredit the State's chemical evidence. As noted above, a general desire to elicit testimony for impeachment purposes does not qualify as a particularized need. Further, defendant's argument that his counsel was unable to prepare an effective cross-examination of Dr. Kuzemko because counsel lacked scientific training is unconvincing at best. Rarely do criminal attorneys have chemistry/scientific backgrounds, yet they often competently cross-examine chemical experts during trial. Defendant's counsel is no exception. Defense counsel's cross-examination of Dr. Kuzemko was extensive and afforded counsel the opportunity to impeach the State's expert through his questioning. See Johnson,317 N.C. at 200, 344 S.E.2d at 779. Defendant has failed to convince this Court that he was deprived of a fair trial without expert assistance or that an appointed expert would have materially assisted him at trial. Accordingly, we hold that the trial court did not err in denying defendant's motion for an appointed expert witness.
(iii) Defendant's Oral Motion to Continue
Lastly, defendant argues that the trial court's denial of his motion to continue for the purpose of securing a pro Bonoexpert witness was error and violated his constitutional rights to due process and to the effective assistance of counsel. Defendant advances a similar argument in his motion for appropriate relief. For the forgoing reasons, we disagree with defendant.
"A motion for a continuance is ordinarily addressed to the sound discretion of the trial court, and the ruling will not be disturbed absent a showing of abuse of discretion." State v. Williams,355 N.C. 501, 540, 565 S.E.2d 609, 632 (2002), cert. denied,537 U.S. 1125, 123 S.Ct. 894, 154 L.Ed.2d 808 (2003). "An abuse of discretion occurs only upon a showing that the judge's ruling was so arbitrary that it could not have been the result of a reasoned decision." State v. McCallum,187 N.C.App. 628, 633, 653 S.E.2d 915, 919 (2007) (citation and quotation marks omitted). However, "when such a motion raises a constitutional issue, the trial court's action upon it involves a question of law which is fully reviewable by an examination of the particular circumstances of each case." State v. Searles,304 N.C. 149, 153, 282 S.E.2d 430, 433 (1981) (citation and quotation omitted).
"Whether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice." State v. Moses,272 N.C. 509, 512, 158 S.E.2d 617, 619 (1968). "If the error amounts to a violation of defendant's constitutional rights, it is prejudicial unless the State shows the error was harmless beyond a reasonable doubt." State v. Barlowe,157 N.C.App. 249, 253, 578 S.E.2d 660, 662-63, writ denied, review denied,357 N.C. 462, 586 S.E.2d 100 (2003). "Improper denial of a motion to continue in order to prepare a defense may also constitute violation of a defendant's Sixth Amendment right to effective assistance of counsel ." Id.at 253, 578 S.E.2d 663.
To establish a constitutional violation, a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense. To demonstrate that the time allowed was inadequate, the defendant must show how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion.
Williams,355 N.C. at 540-41, 565 S.E.2d at 632 (citations and quotation marks omitted).
When reviewing the trial court's denial of a motion to continue, we consider:
(1) the diligence of the defendant in preparing for trial and requesting the continuance,
(2) the detail and effort with which the defendant communicates to the court the expected evidence or testimony,
(3) the materiality of the expected evidence to the defendant's case, and
(4) the gravity of the harm defendant might suffer as a result of a denial of the continuance.
Barlowe,157 N.C.App. at 254, 578 S.E.2d at 663. The first factor, "the diligence of defendant's preparation-weigh[s] heavily in favor of the State's position." State v. King,--- N.C.App. ----, ----, 742 S.E.2d 315, 318 (2013). Further, "[c]ontinuances should not be granted unless the reasons therefor are fully established. Hence, a motion for a continuance should be supported by an affidavit showing sufficient grounds." Searles,304 N.C. at 155, 282 S.E.2d at 435.
After the trial court refused to fund an expert for the defense, defendant moved for a continuance at the outset of trial in order to secure an expert witness to testify pro Bono.Defense counsel cited the expert's unavailability until mid-December as the reason he was seeking a continuance. Defendant argued that the expert witness was purportedly necessary for the same reasons discussed above-to aid counsel in auditing the work product of the Pitt County laboratory and to help counsel prepare his cross-examination questions for the State's expert witness.
We note that this expert is the same expert witness defendant sought to have the trial court appoint via his ex partemotion to fund made nearly a month prior. Therefore, presumably, defendant could have discerned the expert's schedule earlier. As such, it would have been reasonable for defendant to have filed the motion to continue before trial was scheduled to commence or, at the very least, defendant could have provided a supporting affidavit to confirm the expert witness's willingness to testify, the date on which the expert would be available, and the probable content and importance of the expert's testimony. Instead, defendant provided no documentation, by means of affidavit or otherwise, in support of his motion to continue. Thus, the trial court was left to take defendant's word that the expert was willing to testify and that his testimony would be material to the defendant's case-in-chief.
Further, this is not a case where defendant had inadequate time to prepare for trial. Defense counsel was appointed to this case forty-eight days before trial. During this time, counsel had a sufficient time to review the evidence against defendant and to procure the assistance of an expert. However, defendant failed to do so in time. Accordingly, we hold that it was well within the trial court's discretion to deny defendant's motion to continue. Lastly, we deny defendant's motion for appropriate relief on the same basis. There is no evidence in the record to show that defendant's constitutional rights to due process and/or effective assistance of counsel were violated.
No prejudicial error.
Judges CALABRIA and DILLON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 15 November 2013 by Judge Wilton Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 3 June 2015.