## STATE v. JAMES ALFORD JOHNSON.

(Filed 2 December, 1959.)

**1. Criminal Law § 139—**

The Supreme Court will take notice *ex mero motu* of want of jurisdiction in the court entering the judgment appealed from.

**2. Criminal Law § 18—**

Where defendant has not been tried and convicted in the recorder's court, he may not be tried upon the original warrant upon the transfer of the cause to the Superior Court, and the judgment of the Superior Court will be arrested and the appeal therefrom dismissed.

APPEAL by defendant from *Johnston, J.,* at April, 1959 Term, of MOORE.

Criminal prosecution upon a warrant issued by J. B. Edwards, Justice of the Peace of Sandhill Township, Moore County, North Carolina, upon affidavit charging that on or about the 26th day of July, 1959, defendant, James Alford Johnson, did unlawfully and willfully operate a motor vehicle upon the public highway of North Carolina (1) at an excessive rate of speed, (2) recklessly, and (3) while under the influence of intoxicants or narcotics; and did resist a lawful officer all as more fully set out therein—and commanding any lawful officer of Moore County to arrest, and safely keep and have him "before me at my office in said county immediately, to answer about complaint, and be dealt with as the law directs. Aberdeen Recorder's Court 8-1-58."

But the record fails to show that defendant was tried and convicted either before the Justice of the Peace, who issued the warrant, or by Aberdeen Recorder's Court. And the Clerk of Superior Court makes certificate, which the court treated as return to writ of *certiorari,* issued upon suggestion of diminution of record, as follows:

"In this matter of *State v. James Alford Johnson,* the warrant was sent to this court from the Recorder's Court of Aberdeen, N. C. in said County.

"The Clerk of the Recorder's Court reported to this Court that James Alford Johnson appeared in the Recorder's Court at Aberdeen, N. C. without counsel, that he stated to the court that he desired to waive hearing in the Recorder's Court, that he did not want to be tried in the Aberdeen Court, and asked that the matter be sent to the Superior Court of Moore County. The Clerk of the Court at Aberdeen then forwarded to this court the warrant against the said defendant Johnson, and said warrant was placed on the criminal court calendar of the Superior Court of Moore County."

The Supreme Court has before it what purports to be certificate of the Clerk of Municipal Recorder's Court of Aberdeen further certifying this narrative of record of proceeding had therein, to wit: "That this case originally came into this (the Recorder's) court on August 1, 1959, and at that time it was continued for the defendant and his attorney, Mr. H. F. Seawell, Jr., of Carthage, N. C. At the next term of this court, August 8, 1959, Mr. H. F. Seawell, Jr., and his client, the defendant, James A. Johnson, of Hoffman, N. C., appeared in court shortly after the opening thereof, and the case was called for trial by the Solicitor of this court, and when the Solicitor had read the warrant and asked for the defendant's plea thereto, Mr. Seawell addressed the court and announced that he was making a motion for trial by jury and further stated that (he) in this county trial by jury would have to be in the Superior Court, and that he was waiving all rights in the Aberdeen Recorder's Court and moving for trial by jury in the Superior Court in this County and giving notice of appeal to Superior Court. The judge of this court having made inquiry of the arresting officer announced that trial having been waived in this court and motion made by defendant for jury trial in the Superior Court that the defendant's motion was granted, and the case was bound over to the next term of the Superior Court in Carthage, N. C."

The record and case on appeal show that apparently defendant was tried upon the original warrant in Superior Court and both the State and the defendant introduced evidence, and the case was submitted to the jury under the charge of the court; and that the jury returned a verdict of guilty as charged, and that judgment imposed a prison term, from which defendant gave notice of appeal, and appealed to Supreme Court and assigns error.

*Attorney General Seawell, Assistant Attorney General T. W. Bruton for the State.*

*H. F. Seawell, Jr., for defendant, appellant.*

WINBORNE, C. J.   In the light of what transpired in the Municipal Recorder's Court of Aberdeen and in Superior Court of Moore County as reflected by the foregoing statement of the case, the Supreme Court is impelled, *ex mero motu,* to inquire into the jurisdiction of the Municipal Recorder's Court of Aberdeen and the legality of proceedings had.

In this connection this Court has before it what purports to be a copy of Resolution of Board of Commissioners of The Town of Aberdeen, certified by Clerk of Municipal Recorder's Court of Aberdeen,

establishing "by virtue of Chapter 7, Articles 24 and 29A, and other applicable Articles of the General Statutes of North Carolina," "the Municipal Recorder's Court of Aberdeen with jurisdiction as set forth in said chapter of the General Statutes, namely Chapter 7 * * * to attach as of 9:00 P. M., on Wednesday, August 6, 1956."

Assuming this to be the establishment and the vesting of jurisdiction of the Municipal Recorder's Court of Aberdeen, we turn to the pertinent provisions of General Statutes:

(1) Criminal jurisdiction is set forth in G.S. 7-190;

(2) Provision for appeal to Superior Court is found in G.S. 7-195, as follows: "Any person convicted of any offense of which the recorder has final jurisdiction may appeal to the Superior Court of the county from any judgment or sentence of the recorder, in the same manner as is now provided for appeals from courts of justices of the peace * * * "; and

(3) Pertaining to jury trial, G.S. 7-204, it appears that "in all trials in the court, upon demand for a jury trial by the defendant or the prosecuting attorney representing the State, the recorder shall try the same as is now provided in actions before justices of the peace wherein a jury is demanded, and the same procedure as is now provided by law for jury trials before justices of the peace shall apply * * * * ".

Thus it appears that a jury trial may be had in the Municipal Recorder's Court of Aberdeen, and that from a conviction of any offense of which the recorder has final jurisdiction an appeal may be taken to the Superior Court of the county. Since neither course was followed, the Superior Court was without authority to proceed to trial on the original warrant in this case. Hence the judgment from which appeal is taken is arrested, and the cause remanded to Superior Court of Moore County with direction to transmit and deliver the warrant issued against the defendant to the Municipal Recorder's Court of Aberdeen for further proceedings as to justice appertains and the law directs.

Judgment arrested and, in accordance with *S. v. Banks,* 241 N.C. 572, 86 S.E. 2d 76, and *S. v. Hunter,* 245 N.C. 607, 96 S.E. 2d 840.

Appeal dismissed.