STATE OF NORTH CAROLINA v. HENRY CLIFFORD BYRD

No. 6918SC141

(Filed 28 May 1969)

1. **Constitutional Law § 28; Criminal Law § 18— jurisdiction of superior court to try defendant on warrant of inferior court**

    The superior court has no jurisdiction to try an accused for a specific misdemeanor on the warrant of an inferior court unless he is first tried and convicted for such misdemeanor in the inferior court and appeals to the superior court from sentence pronounced against him by the inferior court.

2. **Criminal Law § 157— failure of record to show jurisdiction**

    The Court of Appeals will take notice *ex mero motu* of the failure of the record to show jurisdiction in the court entering the judgment appealed from.

3. **Criminal Law § 154— record on appeal — duty of appellant**

    It is the duty of defendant appellant to see that the record on appeal is properly made up and transmitted to the Court of Appeals.

4. **Criminal Law §§ 146, 157— failure of record to show jurisdiction**

    Appeal from conviction of a misdemeanor in the superior court is dismissed for failure of the record to show jurisdiction in the superior court to try defendant for the offense, where the record shows that defendant was tried in superior court on a warrant issued in the municipal-county court, but fails to show that defendant was first tried and convicted in the municipal-county court and appealed to the superior court.

APPEAL by defendant from *Gwyn, J.,* at the October 1968 Criminal Session of the Superior Court of GUILFORD County.

The record shows that the defendant was tried in this case number 7521 in the Superior Court of Guilford County on a *warrant,* purporting to have been issued by the Clerk of the "Municipal-County Court" which was returnable to the "Judge of the Municipal-

County Court, City Hall, Greensboro, North Carolina." It does not appear in the record that the defendant was ever tried in that court, but the record shows the following on page three thereof, "(No plea and no judgment shown on warrant in Municipal-County Court.)"

In addition the record shows that the defendant was also charged in cases number 7519, 7520, and 7522 with other misdemeanors. The defendant pleaded guilty in two of these cases and nolo contendere in the other.

In case number 7521 the defendant was charged in the warrant with the misdemeanor of larceny. At the time of the defendant's arraignment in Superior Court he pleaded not guilty to the larceny charge and the Solicitor for the State took a *nol pros* as "to the receiving count."

Trial was by jury and the verdict in the Superior Court was "Guilty as charged of Larceny." From a judgment imposing an active prison sentence in case number 7521 the defendant appealed and assigned errors which relate to the jury trial in the Superior Court.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Staff Attorney James E. Magner for the State.*

*Gerald C. Parker for defendant appellant.*

MALLARD, C.J.

[1] "The Superior Court has no jurisdiction to try an accused for *a specific misdemeanor* on the warrant of an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from sentence pronounced against him by the inferior court on his conviction for *such misdemeanor.*" *State v. Hall,* 240 N.C. 109, 81 S.E. 2d 189. See also *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283, and *State v. Banks,* 241 N.C. 572, 86 S.E. 2d 76.

[2, 3] The question of jurisdiction is not raised or discussed by the defendant or by the Attorney General in the briefs. The Court of Appeals will take notice *ex mero motu* of the failure of the record to show jurisdiction in the court entering the judgment appealed from. *State v. Johnson,* 251 N.C. 339, 111 S.E. 2d 297. In this case it was the duty of the defendant appellant to see that the record on appeal was properly made up and transmitted to the Court of Appeals. *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262.

[4] The record on appeal itself calls attention to the fact that

there is a failure to show that the defendant was tried in, sentenced by, and appealed from the Municipal-County Court.

We have carefully examined the exceptions · and assignments of error presented on this record and are of the opinion that they present no prejudicial error in the trial in the Superior Court. If they did disclose error, because of an incomplete record, they are not properly before this court. *State v. Hunter*, 245 N.C. 607, 96 S.E. 2d 840.

For the reasons herein stated and for the failure of the record to show jurisdiction, the appeal must be dismissed. *State v. Banks, supra.*

Appeal ·dismissed.

BRITT and PARKER, JJ., concur.