STATE OF NORTH CAROLINA v. JERRY DALE MARSHALL

No. 7125SC106

(Filed 28 April 1971)

1. **Criminal Law § 18— jurisdiction of superior court to try defendant on warrant of district court**
    The superior court has no jurisdiction to try an accused for a misdemeanor on the warrant of the district court unless he is first tried and convicted for such misdemeanor in the district court and appeals to the superior court from sentence pronounced against him by the district court.

2. **Criminal Law § 157— failure of record to show jurisdiction**
    The Court of Appeals will take notice *ex mero motu* of the failure of the record to show jurisdiction in the court entering the judgment appealed from.

3. **Criminal Law § 154— record on appeal — duty of appellant**
    It is the duty of defendant appellant to see that the record on appeal is properly made up and transmitted to the Court of Appeals.

4. **Criminal Law §§ 146, 157— dismissal of appeal — failure to show jurisdiction of superior court**
    Appeal is dismissed for failure of the record to show the jurisdiction of the superior court.

APPEAL by defendant from *McLean, J.,* 21 September 1970 Session of CALDWELL Superior Court.

The record before us discloses the following: A warrant was issued from the District Court of Caldwell County charging defendant with driving a vehicle on the highways of Caldwell County while under the influence of intoxicating liquor, in violation of G.S. 20-138. Defendant was tried in superior court on said warrant, was found guilty by a jury, and from judgment imposed on the verdict, he appealed to this court.

*Attorney General Robert Morgan by Assistant Attorney General Henry T. Rosser for the State.*

*Ted S. Douglas for defendant appellant.*

BRITT, Judge.

[1-4] The record filed in this court fails to disclose how the superior court obtained jurisdiction of this case. The superior court has no jurisdiction to try an accused for a misdemeanor on the warrant of the district court unless he is first tried and convicted for such misdemeanor in the district court and appeals to the superior court from sentence pronounced against him by the district court. *State v. Byrd,* 4 N.C. App. 672, 167 S.E. 2d 522 (1969). The Court of Appeals will take notice *ex mero motu* of the failure of the record to show jurisdiction in the court entering the judgment appealed from. It is the duty of defendant appellant to see that the record on appeal is properly made up and transmitted to the Court of Appeals. *State v. Byrd, supra.* For failure of the record to show jurisdiction, the appeal must be dismissed. *State v. Banks,* 241 N.C. 572, 86 S.E. 2d 76 (1955).

Nevertheless, we have carefully reviewed the record that is before us, with particular reference to the questions argued in defendant's brief, but conclude that no error sufficiently prejudicial to warrant a new trial appears.

Appeal dismissed.

Judges CAMPBELL and GRAHAM concur.