STATE OF NORTH CAROLINA v. ROGER WILLIAM PARKS, JR.

No. 736SC606

(Filed 12 December 1973)

1. Criminal Law § 18— misdemeanor — jurisdiction of superior court

   The superior court has no jurisdiction to try an accused for a misdemeanor upon a warrant of the district court unless he is first tried and convicted for such misdemeanor in the district court and appeals to the superior court from the sentence imposed in the district court.

2. Criminal Law § 157— necessary parts of record omitted — appeal dismissed

   Since the record on appeal failed to show jurisdiction of these misdemeanor cases in the superior court and did not contain the warrants upon which defendant was tried and the judgment from which the appeal was taken, the appeal is dismissed.

APPEAL by defendant from *Lanier, Judge,* 19 April 1973 Session of Superior Court held in HERTFORD County.

The record filed in this court indicates that the defendant was tried in the Superior Court on warrants charging him with the misdemeanors of operating a motor vehicle on the public highway while he was under the influence of intoxicating liquor and with the possession of non-taxpaid liquor. The record shows that the defendant, represented by counsel, pleaded not guilty and was found guilty by the jury of both charges. The record indicates further that the court consolidated the two cases for judgment and imposed a jail sentence of twelve months suspended on the condition that defendant surrender his operator's license, not operate a motor vehicle in the State of North Carolina for a period of twelve months and pay a fine of $150.00 and costs.

*Attorney General Robert Morgan and Associate Attorney William A. Raney, Jr., for the State.*

*Cherry, Cherry and Flythe by Thomas L. Cherry for defendant appellant.*

HEDRICK, Judge.

[1] The record filed in this court does not contain the warrants upon which the defendant was tried or the judgment from which the appeal was taken. There is nothing in the record to

---

disclose how the superior court obtained jurisdiction of these cases. The superior court has no jurisdiction to try an accused for a misdemeanor upon a warrant of the district court unless he is first tried and convicted for such misdemeanor in the district court and appeals to the superior court from the sentence imposed in the district court. *State v. Harold,* 14 N.C. App. 172, 187 S.E. 2d 195 (1972) ; *State v. Marshall,* 11 N.C. App. 200, 180 S.E. 2d 464 (1972) ; *State v. Byrd,* 4 N.C. App. 672, 167 S.E. 2d 522 (1969).

[2]    The Court of Appeals will take notice *ex mero motu* of the failure of the record to show jurisdiction in the court entering the judgment appealed from. It is the duty of defendant appellant to see that the record on appeal is properly made up and transmitted to the Court of Appeals. *State v. Marshall, supra; State v. Byrd, supra.* For failure of the record to show jurisdiction in the superior court and to contain the warrants upon which defendant was tried and the judgment from which the appeal is taken, the appeal will be dismissed. *State v. Marshall, supra; State v. Banks,* 241 N.C. 572, 86 S.E. 2d 76 (1955) ; Rules 19 (a) and 48, Rules of Practice in the North Carolina Court of Appeals.

Nevertheless, we have carefully reviewed the record which is before us and find no error which would entitle defendant to a new trial.

Appeal dismissed.

Judges PARKER and BALEY concur.