STATE OF NORTH CAROLINA v. DONALD E. CALDWELL

No. 7430SC330

(Filed 5 June 1974)

**Criminal Law § 18; Assault and Battery § 17— assault upon public officer — appeal to superior court — conviction of assault by pointing gun — error**

Since the jurisdiction of the superior court in misdemeanor cases is derivative and arises only upon appeal from a conviction in district court, defendant's conviction in superior court of assault by pointing a gun must be vacated where his appeal to superior court was from a conviction in district court of assault upon a public officer while discharging a duty of his office. G.S. 14-33 (b) (1) and (4) ; G.S. 14-34.

APPEAL by defendant from *Thornburg, Judge,* 12 November 1973 Session, Superior Court, HAYWOOD County. Argued in Court of Appeals 22 April 1974.

The record indicates that defendant was charged in a warrant with "unlawfully, wilfully, and feloniously commit(ting)

an assault with a deadly weapon, to wit, a rifle, on Ronnie Bryson, a public officer, holding the office of Policeman, Hazelwood, N. C. by pointing the rifle at Bryson. At the time of the assault, said officer was attempting to discharge a duty of his office, to wit, to serve a capias on defendant." The warrant further stated that the offense was committed in violation of G.S. 14-33(c) (sic) (4) [obviously intended to be G.S. 14-33(b) (4)]. This statute is headed: Misdemeanor assaults, batteries, and affrays; simple and aggravated; punishments, and § (b) thereof provides that:

> "Unless his conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a misdemeanor punishable by a fine, imprisonment for not more than two years, or both such fine and imprisonment if, in the course of the assault, assault and battery, or affray, he:
>
> • • •
>
> (4) Assaults a public officer while the officer is discharging or attempting to discharge a duty of his office."

The record shows that in District Court a plea of not guilty was entered, a verdict of guilty was rendered and defendant noted an appeal to Superior Court.

We quote from the record:

"JUDGMENT AND COMMITMENT IN SUPERIOR COURT

> In open court, the defendant appeared for trial upon the charge or charges of assault with a deadly weapon and thereupon entered a plea of not guilty.
>
> Having been found guilty of the offense of Assault by pointing a gun which is a violation of G.S. 14-34 and of the grade of misdemeanor,
>
> It is ADJUDGED . . . "

The court charged the jury: "Members of the jury, this is a criminal case wherein the defendant, Donald E. Caldwell, is charged in a Warrant with Assault by Pointing a Gun at the prosecuting witness, Ronnie Bryson." The jury was told it could

find the defendant guilty or not guilty of "Assault by Pointing a Gun." From judgment imposed on the verdict of guilty, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Cole, for the State.*

*Riddle and Shackelford, P.A., by George B. Hyler, Jr., for defendant appellant.*

MORRIS, Judge.

It seems clear that the defendant was convicted in District Court of assault upon a public officer while the officer is attempting to discharge a duty of his office in violation of G.S. 14-33(b)(4). This charge requires all the essential elements of a charge under G.S. 14-223. (Resisting Officers) and all the elements necessary were included in the warrant. (See *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 (1972), where Justice Sharp, writing for the Court held that where the defendant had been tried on two charges—one under G.S. 14-223 and one under G.S. 14-33(b)(4)—he had twice been convicted and sentenced for the same criminal offense. There defendant's conviction of assaulting an officer was vacated and the judgment arrested.)

In *State v. Guffey*, 283 N.C. 94, 194 S.E. 2d 827 (1973), the defendant was convicted in District Court for driving under the influence fourth offense. The warrant had charged also the operation of a motor vehicle while his operator's license was permanently revoked. On appeal, he was tried for both offenses charged in the warrant, the solicitor choosing to try him on a first offense charge of driving under the influence. He was found guilty on each count and on appeal to the Court of Appeals the convictions were affirmed, the jurisdictional question not having been raised. The Supreme Court granted certiorari and, in an opinion by Justice Moore, arrested judgment on the charge of driving while his license had been permanently revoked. There the Court said:

"In *State v. Hall*, 240 N.C. 109, 81 S.E. 2d 189 (1954), this Court said that Sections 12 and 13 (now Sections 22 and 23) of Article I of the State Constitution provide, 'in essence, that the Superior Court has no jurisdiction to try an accused for *a specific misdemeanor* on the warrant of

State v. Caldwell

an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for *such misdemeanor.*' (Citations omitted.)" *Id.*, at 96.

The warrant in this case charges a specific misdemeanor, a violation of G.S. 14-33(b)(4). By the provisions of G.S. 7A-272, the district courts have original exclusive jurisdiction of misdemeanors.

The record before us, agreed to by the solicitor, clearly shows that the defendant in Superior Court was tried for the charge of assault with a deadly weapon and convicted of assault by pointing a gun. Nowhere does the record show that the solicitor chose to try him on a lesser included offense, if assault with a deadly weapon be a lesser included offense of the charge in the warrant, nor does the record indicate any agreement to submit the case to the jury on a lesser included offense of assault by pointing a gun. Indeed, the charge upon which he was put to trial, assault with a deadly weapon, is a violation of G.S. 14-33(b)(1). The charge upon which he was convicted, assault by pointing a gun, is a violation of G.S. 14-34.

The Superior Court has no original jurisdiction of a trial for the misdemeanor violation of either G.S. 14-33(b)(1) or G.S. 14-34, for one of which defendant was charged and for one of which he was convicted. Its jurisdiction of these offenses is derivative and arises only upon appeal from a conviction in District Court of the misdemeanor for which he stands charged in Superior Court or the misdemeanor with respect to which the jury returned a guilty verdict in Superior Court.

"We must base our decision upon the record as we find it." *State v. Guffey, supra.* We, therefore, reach the ineluctable conclusion that defendant's conviction in Superior Court must be vacated and the judgment arrested.

Judgment arrested.

Judges CAMPBELL and VAUGHN concur.