STATE OF NORTH CAROLINA v. LONZO McKOY

No. 7912SC650

(Filed 8 January 1980)

**Criminal Law § 18.1— failure to show jurisdiction of superior court—appeal dismissed**

Where defendant was charged with the misdemeanors of destroying city property, using profanity, and assaulting a police officer who was discharging his duties, his appeal from conviction on the assault charge is dismissed where he failed to show how the superior court obtained jurisdiction of the case.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 16 February 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals on 4 December 1979.

Defendant was tried in the superior court on warrants charging him with destruction of city property, using "loud, vulgar and obscene language in the presence of two or more persons . . . in a public place", and assaulting a police officer while the officer was attempting to discharge a duty of his office, namely, arresting defendant for profanity. He pleaded not guilty to all charges. At the end of the State's evidence, the court, upon motions made by defendant, dismissed the charges of destruction of city property and profanity. His motion to dismiss the charge of assaulting a police officer was denied, and the jury found him guilty as charged as to that offense. From a judgment imposing a prison sentence of 12 to 14 months, defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*Assistant Public Defender Rebecca J. Bosley for the defendant appellant.*

State v. McKoy

HEDRICK, Judge.

The warrants issued against defendant in this case charged misdemeanor offenses. The offense for which he was convicted is a violation of G.S. § 14-33(b)(4) (1977 Cum. Supp.), a misdemeanor. It is fundamental that the district courts of this State have exclusive original jurisdiction of misdemeanors. G.S. § 7A-272. The jurisdiction of the superior court is derivative and arises only upon an appeal from a conviction of the misdemeanor in the district court. *State v. Caldwell*, 21 N.C. App. 723, 205 S.E. 2d 322 (1974); *State v. Parks*, 20 N.C. App. 207, 200 S.E. 2d 837 (1973); *State v. Byrd*, 4 N.C. App. 672, 167 S.E. 2d 522 (1969).

Although neither party has raised the question of jurisdiction, "[t]he Court of Appeals will take notice *ex mero motu* of the failure of the record to show jurisdiction in the court entering the judgment appealed from." *State v. Parks, supra* at 208, 200 S.E. 2d at 838. The record before us discloses absolutely nothing of the proceedings, if any, in the district court. There is, thus, nothing in the record to disclose how the superior court obtained jurisdiction of the case.

It is the duty of the defendant appellant to see that the record on appeal is properly made up and transmitted to this Court. *State v. Parks, supra*; *State v. Marshall*, 11 N.C. App. 200, 180 S.E. 2d 464 (1971). For the failure of the record in this case to show jurisdiction, the appeal must be dismissed. *State v. Byrd, supra*.

Appeal dismissed.

Judges MARTIN (Robert M.) and WELLS concur.