State v. Felmet

STATE OF NORTH CAROLINA v. JOE ANDREW FELMET

No. 8021SC9

(Filed 3 June 1980)

1. **Criminal Law § 18.2– misdemeanor trial in superior court – necessity for conviction in district court**

    The superior court has no jurisdiction to try a defendant upon a specific misdemeanor charge on a warrant unless he is first tried and convicted in the district court and then appeals to the superior court from the sentence pronounced against him on his conviction for such misdemeanor in the district court.

2. **Criminal Law § 18.1– appeal from misdemeanor conviction in superior court – failure of record to show jurisdiction in superior court**

    Appeal from conviction of a misdemeanor in the superior court is dismissed for failure of the record to show jurisdiction in the superior court where the record shows that defendant was tried in the superior court upon a warrant issued by a deputy clerk of superior court but fails to show that defendant was first tried and convicted in the district court and then appealed to the superior court.

APPEAL by defendant from *Rousseau, Judge*. Judgment entered 7 September 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 May 1980.

The record shows that the defendant was tried in this case, docket number 79CRS23904, in the Superior Court of Forsyth County on a *warrant*, issued by a deputy clerk of superior court, charging defendant with trespass by violating N.C.G.S. 14-134, a misdemeanor. The record does not show that defendant was ever tried in the district court on this charge.

Defendant was convicted by the jury in the superior court, a suspended sentence was entered, and defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Pfefferkorn & Cooley, by Robert M. Elliot, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] The superior court has no jurisdiction to try a defendant upon a specific misdemeanor charge on a warrant, unless he is first tried and convicted in the district court, and then appeals to the superior court from the sentence pronounced against him on his conviction for such misdemeanor. *State v. Hall,* 240 N.C. 109, 81 S.E. 2d 189 (1954); *State v. Byrd,* 4 N.C. App. 672, 167 S.E. 2d 522 (1969). Defendant was convicted of trespass, a misdemeanor proscribed by N.C.G.S. 14-134. The district courts of North Carolina have exclusive original jurisdiction of misdemeanors. N.C. Gen. Stat. 7A-272; *State v. McKoy,* 44 N.C. App. 516, 261 S.E. 2d 226, *cert. denied,* 299 N.C. 546, 265 S.E. 2d 405 (1980). The jurisdiction of the superior court for the trial of a specific misdemeanor is derivative and arises only upon an appeal from a conviction of the misdemeanor in the district court. *State v. Guffey,* 283 N.C. 94, 194 S.E. 2d 827 (1973); *State v. McKoy, supra.*

[2] The record fails to disclose jurisdiction in the superior court. As that court had no jurisdiction, insofar as this record discloses, we have none on appeal. Therefore, the appeal must be dismissed. *State v. Banks,* 241 N.C. 572, 86 S.E. 2d 76 (1955); *State v. Byrd, supra.*

The question of jurisdiction is not raised or discussed by the defendant or the Attorney General in the briefs. The Court of Appeals will take notice ex mero motu of the failure of the record to show jurisdiction in the court entering the judgment appealed. *State v. Guffey, supra; State v. Johnson,* 251 N.C. 339, 111 S.E. 2d 297 (1959); *State v. McKoy, supra; State v. Byrd, supra.*

In this case, the appellant had the duty to see that the record on appeal was properly made up and transmitted to this Court. *State v. Stubbs*, 265 N.C. 420, 144 S.E. 2d 262 (1965); *State v. Byrd, supra.*

For the failure of the record to show jurisdiction, the appeal must be dismissed.

Appeal dismissed.

Judges WEBB and WELLS concur.