IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-721

Filed 3 June 2026

Orange County, No. 22CR330339-670

STATE OF NORTH CAROLINA

v.

BRANDON ANTHONY DADE

Appeal by defendant from judgment entered 20 December 2024 by Judge R. Allen Baddour, Jr. in Orange County Superior Court. Heard in the Court of Appeals 25 February 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Kindelle McCullen, for the State.*

*George B. Currin for defendant.*

ARROWOOD, Judge.

Brandon Dade ("defendant") appeals from judgment entered after he pled guilty to driving while impaired, pursuant to a plea agreement whereby he reserved his right to appeal the superior court's earlier denial of his motion to suppress.

I.     Background

A.     Statement of Facts

On 29 October 2022, Chapel Hill Police Department Officer Neil O'Connor ("Officer O'Connor") began following a blue sedan after observing it veer across

dividing lines and run a red light. Officer O'Connor turned on his flashing lights and siren and the sedan pulled into an apartment parking complex after about a third of a mile, stopping after Officer O'Connor gave verbal commands. Officer O'Connor described defendant as having red eyes with a "blank stare," trouble focusing, and the odor of alcohol on his breath. Defendant used his hand to cover his mouth when speaking but denied drinking any alcohol. Officer O'Connor saw four unopened bottles of beer in the back seat.

Defendant complied with the instruction to exit the vehicle, but refused to perform field sobriety tests. Officer O'Connor observed that he was having trouble keeping his balance and formed the opinion that defendant had consumed enough alcohol to impair his mental and/or physical faculties. This opinion was based upon defendant's "driving[,] the smell of alcohol[,] . . . he didn't stop immediately[,] . . . him trying to cover his mouth; when he dropped his keys coming out of the car; him using the car to shuffle to the back, which, from our training, folks who are impaired will try to keep their balance by using—using the vehicle." Office O'Connor arrested defendant for driving while impaired. Defendant refused to submit to a breath test, but a later laboratory report confirmed that his blood ethanol level was 0.12%.

### B.    Procedural History

On 29 October 2023, defendant was charged for driving while impaired. He moved to suppress evidence, contending that Officer O'Connor lacked probable cause to arrest him. The district court verbally granted his motion to suppress evidence on

25 September 2023 but did not enter a proper written preliminary determination on the motion as required by N.C.G.S. § 20-38.6(f). On 1 February 2024, the State filed Notice of Appeal to superior court "from the preliminary determination of District 11B Judge Travis N. Wheeler announced in open court on September 25, 2023, granting defendant's motion to suppress evidence made pretrial." The State requested a *de novo* hearing "as if no preliminary findings of facts or conclusions of law were found in this case."

On 13 May 2024, the Honorable William A. Wood held a *de novo* hearing in Orange County Superior Court on the State's appeal of the verbal ruling on Defendant's motion to suppress. The court ruled that Officer O'Connor had probable cause to arrest defendant, reversing the verbal ruling and remanding the case to district court. The record does not show that the district court ever entered a final judgment denying defendant's motion to suppress.

On 23 September 2024, defendant pled guilty in district court to driving while impaired and was sentenced to probation. After appealing his conviction and sentence, he pled guilty in superior court on 17 December 2024, pursuant to a plea agreement under which he expressly reserved his right to appeal the superior court's denial of his motion to suppress. He received a suspended sentence of 12 months in prison and supervised probation with the condition that he serve a 7-day split sentence within 45 days. He noticed appeal from this judgment on 2 January 2025.

II.     Discussion

Defendant contends that the State's appeal of the district court's verbal ruling was insufficient to confer subject matter jurisdiction on the superior court to reverse the district court's verbal ruling granting his motion to suppress, because the district court never issued a preliminary determination granting the motion as required by statute.

### A.      Grounds for Appellate Review

As a preliminary matter, we must first determine whether this appeal is properly before us. N.C.G.S. § 15A-979(b) provides that: "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." The question is whether the superior court's Order constituted a final denial of defendant's motion to suppress evidence.

In implied consent cases, our statutes provide the procedure for entry of an appealable final judgment after the district court grants a defendant's motion to suppress. Following its ruling on the motion in district court, the district court judge "shall set forth in writing the findings of fact and conclusions of law and preliminarily indicate whether the motion shall be granted or denied." N.C.G.S. § 20-38.6(f). If the court indicates in the written preliminary determination that the motion is granted, "the judge shall not enter a final judgment on the motion until after the State has appealed to superior court or has indicated it does not intend to appeal." *Id.*

If the State appeals, the findings of fact recorded in the preliminary

determination are binding and presumed to be supported by competent evidence. N.C.G.S. § 20-38.7(a). However, where the State's appeal specifies that it disputes certain factual findings, the superior court reviews the matter *de novo*. *Id.* After reaching its conclusion under the proper standard, the superior court issues an order remanding to district court with instructions to either grant or deny the appealed motion to suppress. *State v. Fowler*, 197 N.C. App. 1, 11 (2009). "[T]he plain language of N.C.G.S. § 20–38.6(f) indicates that the General Assembly intended the district court must enter the final judgment[.]" *Id.* at 11–12.

The State contends that, because the district court never entered a final judgment on his motion, defendant has no right to appeal from the superior court's ruling, and we must dismiss. A defendant's right to appeal in a criminal proceeding is purely a creation of state statute. *See* N.C.G.S. § 15A–1444 (2001); *State v. McBride,* 120 N.C. App. 623, 624, (1995), *aff'd,* 344 N.C. 623 (1996). We have held that the State has no right of appeal to this Court from a superior court's interlocutory order "which may have the same effect of a final order but requires further action [by the district court] for finality." *Fowler*, 197 N.C. App. at 6. Furthermore, "[i]f the superior court's ruling is not a final order for purposes of the State's appeal, it is likewise not a final order for the purposes of defendant's appeal." *State v. Hutton*, 244 N.C. App. 128, 132 (2015).

In *Hutton*, the superior court issued an order reversing the district court's preliminary determination that a defendant's motion to suppress be granted, but the

district court never entered a final order denying the motion to suppress. *Id.* at 129. Because of the district court's failure to do so, we concluded that we could not review the defendant's appeal of the ruling, which would otherwise have been permissible under G.S. § 15A-979(b). *Id.* at 132–33. Notwithstanding the lower courts' approval of defendant's plea agreement, which explicitly reserved this statutory right of appeal, our holding in *Hutton* obliges us to find the same barrier to appellate jurisdiction in the instant case.

However, defendant has also petitioned for Writ of Certiorari, which we may issue "in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals . . . when no right of appeal from an interlocutory order exists . . . ." N.C.R. App. P. 21(a)(1). Certiorari is a discretionary writ which may "be issued only for good or sufficient cause shown," and must "show merit or that [petitioner] has reasonable grounds for asking that the case be brought up and reviewed on appeal." *In re Snelgrove*, 208 N.C. 670, 671–72 (1935) (citation omitted).

In issuing our writ of certiorari, our "practice and procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law." N.C.G.S. § 7A-32(c). The writ "should issue only if there are 'extraordinary circumstances' to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572 (2023) (quoting *Moore v. Moody*, 304 N.C. 719, 720 (1982)). "There is no fixed list of 'extraordinary circumstances' that warrant certiorari review, but this factor

generally requires a showing of substantial harm, considerable waste of judicial resources, or 'wide-reaching issues of justice and liberty at stake.' " *Id.* at 573 (citation omitted). Substantial harm may be shown where "the fundamental rights of a [party] are at stake" in the balance of the appeal. *See In re S.D.H.*, 296 N.C.App. 392 (2024).

As to the practice and procedure of the common law, we have previously granted certiorari in similar cases involving appellate review of a superior court ruling on a motion to suppress evidence. *See State v. Osterhoudt*, 222 N.C. App. 620, 626 (2012); *State v. Palmer*, 197 N.C. App. 201 (2009); *Fowler*, 197 N.C. App. at 8; *State v. Via*, 197 N.C. App. 398 (2009).

Moreover, under the particular facts of this case, defendant has properly shown that our inability to review the superior court's Order, due to an oversight by the district court, could allow a violation of his fundamental rights to stand unchallenged. "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465 (1964) (citing *High v. Pearce*, 220 N.C. 266 (1941)). The superior court's finding that probable cause existed to arrest defendant, thereby permitting introduction of certain evidence against him, directly implicates defendant's Fourth Amendment rights. *See, e.g., State v. Colson,* 274 N.C. 295, 306 (1968) ("Evidence unconstitutionally obtained is excluded in both state and federal courts as an essential to due process—not as a rule of evidence but as a matter of constitutional law."), *cert. denied,* 393 U.S. 1087

(1969).  Accordingly, if we issue our writ of certiorari and determine that the superior court lacked jurisdiction over the subject matter, it follows that defendant's prosecution proceeded in accordance with an invalid order and thereby failed to protect his Constitutional right to due process.

Subject matter jurisdiction being foundational to the legitimacy of any court proceeding, a party may raise a lack of subject matter jurisdiction at any stage, even for the first time on appeal.  *See Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580 (1986) ("The question of subject matter jurisdiction may be raised at any time, even in the Supreme Court."); s*ee also Carpenter v. Carpenter*, 245 N.C. App. 1, 8 (2016) ("It is well settled that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*." (citation and quotation marks omitted)).

It would therefore be extraordinarily unfortunate if the district court's failure to follow statutory procedure rendered it impossible for this defendant to exercise his statutory right to appeal and therein properly raise this jurisdictional argument in seeking review of his constitutional rights.  Defendant's misfortune is furthered by the court's acceptance of his guilty plea, entered on the express condition that such an appeal could proceed.

Furthermore, we are not permitted to invoke Rule 2 to reach an appeal's merits "in the event of a jurisdictional default."  *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 198 (2008), *see also Bailey v. State*, 353 N.C. 142, 157

(2000) ("[S]uspension of the appellate rules under Rule 2 is not permitted for jurisdictional concerns.") Therefore, if defendant's claim that the lower court lacked subject matter jurisdiction to rule on his motion to suppress is, standing alone, insufficient to grant this court jurisdiction to hear his appeal, the law applicable to this case's unusual procedural posture limits defendant to reliance upon our discretionary ability to grant certiorari.

Recognizing that this Court has granted certiorari in similar appropriate circumstances, and having established that defendant lost his right of appeal from the superior court's interlocutory Order due only to the district court's failure to enter the ruling on his motion to suppress, we are satisfied both that dismissal here would risk substantial harm and that the circumstances are exceptional in nature. Therefore, we exercise our discretion to grant defendant's Petition for Writ of Certiorari, in order to review the merits of his jurisdictional argument.

B.     The Superior Court's Order is Null and Void

We review *de novo* the question whether the superior court had subject matter jurisdiction to issue the challenged Order. *Harper v. City of Asheville*, 160 N.C. App. 209, 213 (2003).

In misdemeanor cases, over which the district courts have exclusive original jurisdiction, jurisdiction is conveyed to the superior court only by appeal. *State v. McCoy*, 44 N.C. App. 516, 517 (1980) (internal citation added). "The State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case in

the absence of a statute clearly conferring that right." *State v. Parisi*, 251 N.C. App. 861, 865 (2017), (quoting *State v. Dobson*, 51 N.C. App. 445, 446 (1981)).

Here, the district court judge made a verbal ruling in open court granting defendant's motion to suppress on 25 September 2023. However, this decision was never formalized, even though the district court judge is required to "*set forth in writing* the findings of fact and conclusions of law and preliminarily indicate whether the motion shall be granted or denied." N.C.G.S. § 20-38.6(f) (emphasis added). Nevertheless, the State expressly appealed only the verbal ruling and asked the superior court for a hearing *de novo* "as if no factual findings or conclusions of law were found in this case."

"The [S]tate's right of appeal in a criminal proceeding is entirely statutory[,]" and therefore any statute granting the State a right of appeal is "strictly construed" by this Court. *State v. Murrell*, 54 N.C. App. 342, 343 (1981), *disc. review denied*, 304 N.C. 731 (1982). The General Assembly expressly required that the district court's preliminary determination be "set forth in writing" with factual findings and legal conclusions. Where the district court issues no such preliminary determination, the State has no statutory ability to properly appeal the verbal ruling. Moreover, the superior court has jurisdiction to conduct a *de novo* hearing on defendant's motion to suppress if and only if the appeal raises a specific dispute as to any of the district court's written findings of fact.

Here, the superior court expressly pointed out that it "did not see a signed

preliminary determination or order." The State's appeal clearly stated that the determination did not exist but was "proceeding as if no preliminary findings of facts or conclusions of law were found in the case." Notably, the State did not seek a Writ of Mandamus instructing the district court to enter an order on the motion to suppress. There is a clear difference between asserting a dispute as to the district court's findings of fact and proceeding as if the district court made no such findings. Therefore, the State's appeal was wholly improper and should not have resulted in a *de novo* hearing in superior court.

"Subject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act[.]" *In re T.R.P.,* 360 N.C. 588, 590 (2006). Here, counsel for both parties consented to a "hearing de novo on probable cause" to determine defendant's motion to suppress. But subject matter jurisdiction can never be conferred upon a court by consent, waiver, or estoppel. *State v. Earley*, 24 N.C. App. 387, 389 (1975). To the contrary: "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *In re T.R.P.,* 360 N.C. at 590. Accordingly, a court may "adjudicate a controversy only when a party presents the controversy to it . . . in the form of a proper pleading." *In re Transp. of Juvs.*, 102 N.C. App. 806, 808 (1991). Accordingly, the superior court erred by proceeding with the *de novo* hearing without jurisdiction

over the matter via a properly noticed appeal.

"When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, *i.e.*, as if it had never happened." *Hopkins v. Hopkins*, 8 N.C. App. 162, 169 (1970) (citations omitted). Lacking jurisdiction to decide the matter, the superior court likewise had no jurisdiction to issue an Order making factual findings, reversing the district court's verbal ruling, and remanding the case to district court for a formal denial of defendant's motion to suppress.

"When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet,* 302 N.C. 173, 176 (1981). Accordingly, we vacate the superior court's Order in its entirety and do not consider the merits of the findings therein.

## C. Subsequent Proceedings

"[R]ules of procedure are necessary . . . in order to enable the courts properly to discharge their duties[.]" *Pruitt v. Wood*, 199 N.C. 788, 790 (1930). When courts ignore or disregard procedure, "is not only discreditable to the administration of public justice, but it leads eventually to confusion and wrong, and leaves the rights and estates of many people in a more or less perilous condition." *Spence v. Tapscott,* 92 N.C. 576, 578 (1885). "The question of jurisdiction lies behind all judgments, decrees, and orders. If they are entered by a court without jurisdiction, they are nullities, and may be disregarded by any one, whether relied upon directly or

collaterally." *Stafford v. Gallops*, 123 N.C. 19 (1898). Accordingly, the above procedural deficiencies, correctly identified by defendant, ensured that the subsequent proceedings, specifically the plea agreement and sentencing, relied "directly or collaterally" upon an invalid Order, implicating further due process violations.

On the one hand, one could argue that the Order merely returned the matter to a court with proper jurisdiction over misdemeanors of this kind, and where defendant freely offered a guilty plea in a court with proper jurisdiction, this Court ought not disturb that result. But the State's improper appeal to superior court was no mere extra-jurisdictional excursion without prejudicial consequences. Further, following the purported remand by the superior court, the district court matter was addressed at a different session of court by a different district court judge than the judge who heard defendant's motion to suppress.

However, were this Court to simply nullify the superior court's *de novo* hearing and Order but leave the plea agreement in place, the remaining record would relate the following narrative. On an indictment in district court, defendant moved to suppress evidence because he believed there was no probable cause to arrest him. In open court, this motion was granted because the court "found no probable cause to arrest the defendant for the charge of Driving While Impaired after an evidentiary hearing on the matter." The Fourth Amendment of the U.S. Constitution protects "the right not to be arrested without probable cause." *Roberts v. Swain*, 126 N.C.

App. 712, 719 (1997) (citing *State v. Harrell*, 67 N.C. App. 57, 60 (1984)). Accordingly, no evidence resulting from such an arrest could have been introduced in defendant's prosecution. *State v. McKinney*, 361 N.C. 53, 58 (2006).

In the instant case, this would require suppression of the laboratory report showing a blood ethanol level of 0.12% where the statutory legal limit is 0.08%. *See* N.C.G.S. § 20-138.1(a)(2). The suppression of this evidence, coupled with the district court's finding that no probable cause existed to arrest defendant for driving while impaired, would leave the State's case highly vulnerable to a motion to dismiss, due either to insufficient evidence, a constitutional violation leaving "irreparable prejudice to the defendant's preparation" or "an issue of fact or law essential to a successful prosecution [having] been previously adjudicated in favor of the defendant in a prior action[.]" *Id.* §§ 15A-1227, 15A-954(a)(4), 15A-954(a)(7).

Nevertheless, the next time defendant came before the district court, his motion to suppress was no longer granted, and the court's earlier finding on probable cause no longer applied. This occurred even though the State never noticed a proper appeal disputing the finding and the superior court had no power to hold a *de novo* hearing and reach the contrary finding. Furthermore, the district court never officially entered the improper denial of his motion to suppress, depriving defendant of his statutory right to have the issue reviewed on appeal. But the prosecution proceeded anyway.

Next, defendant pled guilty in district court, which sentenced him to probation,

and he noticed appeal to the superior court. The superior court approved a plea agreement whereby defendant pled guilty reserving "his right to appeal the denial of his motion to suppress pursuant to N.C.G.S. 15A-979(B)." But because the district court had not finalized entry of the superior court's Order, no such right of appeal existed at the time of his guilty plea.

A plea agreement is "in essence a contract" and contract law governs its interpretation. *State v. Tyson,* 189 N.C. App. 408, 413 (2008). Plea agreements are unilateral contracts, and the "consideration given for the prosecutor's promise is not defendant's corresponding promise to plead guilty, but rather is defendant's actual performance by so pleading." *State v. Collins,* 300 N.C. 142, 149 (1980). Once defendant begins performance "by pleading guilty or takes other action constituting detrimental reliance upon the agreement[,]" the prosecutor can no longer rescind his offer. *Id.*

The "requirements of fairness and due process apply to the negotiation and tender of a plea bargain." *Tyson*, 189 N.C. App. at 414 (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Due process requires strict adherence to a plea agreement and "requires holding the State to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements." *State v. King*, 218 N.C. App. 384, 388 (2012) (citing *State v. Blackwell*, 135 N.C. App. 729, 731 (1999)) (cleaned up). Therefore, "the risk of mistake in plea agreements lies with the State." *Id*.

Defendant here pled guilty in detrimental reliance upon both the presumed validity of the superior court's jurisdiction to hold its *de novo* hearing and issue its Order denying his motion to suppress, as well as his future ability to appeal that Order. Accordingly, before defendant entered his guilty plea, the State was obligated to ensure that the district court entered the superior court's Order so defendant would retain the ability to appeal it for review by this Court.

In any event, the State should have known that its appeal to superior court was improper, the Order itself was void, and any ruling or findings therein as to defendant's motion to suppress evidence were unenforceable. Nevertheless, the State negotiated and entered into this agreement, and the court approved it. Meanwhile, defendant pled guilty believing that the invalid Order had been a final determination of his motion to suppress, ensuring, first, that if he had availed himself of his right to a trial by jury, the State would have been able to enter evidence seized pursuant to his arrest, and second, that he would be able to appeal the Order following his plea.

The State asserts that no statute allows us to hear defendant's appeal from the Order. This is correct. But the State's contention amounts, at worst, to an admission that the prosecution induced defendant to rely to his detriment on a misrepresentation as to the legal consequences of tendering his guilty plea, omitting its knowledge that the State would be unable to make good on a condition which was material and essential to his agreement. At best, the State concedes that defendant and the prosecution negotiated the terms of this plea agreement under a mutual

mistake of fact, "common to both parties and by reason of it each has done what neither intended." *Lancaster v. Lancaster*, 138 N.C. App. 459, 456 (2000) (citation and quotation marks omitted). This mistake was plainly "of the essence of the agreement." *MacKay v. McIntosh*, 270 N.C. 69, 73 (1967).

Where the State "fails to fulfill promises made to the defendant in negotiating a plea bargain" the defendant is entitled to relief in the form of "withdrawal of the plea itself (i.e. rescission)." *Blackwell,* 135 N.C. App. at 732 (internal citations omitted). Therefore, we rescind defendant's plea agreement due to a mutual mistake of fact concerning defendant's right to appeal from this judgment.

Accordingly, we remand to district court for proceedings in accordance with this opinion. The district court must, in accordance with its statutory duty under N.C.G.S. § 20-38.6(f), enter a written preliminary determination granting the motion and allow the State to indicate whether it will then, pursuant to N.C.G.S. § 20-38.7(a), appeal that ruling. The district court must consider null and void all activity at district and superior court following the State's improper appeal of the initial ruling on defendant's motion to suppress.

## III. Conclusion

For the above reasons, we vacate the superior court's Order denying defendant's motion to suppress, rescind defendant's plea agreement, and remand this case to district court for entry of a preliminary determination formalizing its initial decision as to defendant's motion to suppress, as required by N.C.G.S. § 20-38.6(f).

VACATED AND REMANDED.

Judge CARPENTER concurs.

Chief Judge DILLON dissents by separate opinion.

DILLON, Chief Judge, dissenting.

As a preliminary matter, I agree with the majority that our precedent compels us to conclude Defendant has no right to appeal the judgment based on his guilty plea, as the district court never entered a final order on Defendant's suppression motion. And I further agree with and join in the majority's grant of *certiorari* to consider Defendant's appeal. However, my vote is to affirm the judgment convicting Defendant of impaired driving based on his plea of guilty, subject to his right to seek review of the denial of his motion to suppress. Accordingly, I dissent.

This matter involves a procedure when a criminal defendant charged in *district* court with an implied-consent offense under G.S. 20-16.2 moves to suppress evidence. This procedure, codified in G.S. 20-38.6, allows the State to seek a decision by a *superior* court judge on the defendant's motion where the district court judge has preliminarily indicated his inclination to allow the motion.

This appeal involves an issue of first impression concerning the proper interpretation of the statutory language contained in subsection (f) of G.S. 20-38.6(f) which requires the district court to reduce its preliminary indication to writing, including written findings and conclusions, prior to the suppression motion being considered by a superior court judge, as follows:

> The [district court] judge shall set forth in writing the findings of fact and conclusions of law and preliminarily indicate whether the motion should be granted or denied. If the [district court] judge preliminarily indicates the motion should be granted, the judge shall not enter a final judgment on the motion until after the State has appealed

> to superior court or has indicated it does not intend to appeal.

N.C.G.S. § 20-38.6(f). More specifically, this issue involves subsection (f)'s interplay with G.S. 20-38.7(a), which gives the State the right to "appeal to superior court any district court preliminary determination granting a motion to suppress or dismiss." Importantly, G.S. 20-38.7(a) also provides that the superior court hears a defendant's suppression motion "de novo", not bound by any findings made by the district court unless not challenged by the State on appeal to the superior court.

The majority construes the requirement in G.S. 20-38.6(f) – that the district court reduce its preliminary determination to writing – as a jurisdictional requirement. That is, the superior court does not gain jurisdiction to consider the defendant's suppression motion anew *unless and until* the district court reduces its preliminary determination in writing as required by G.S. 20-38.6(f). Accordingly, the majority views the superior court's suppression order as a nullity and mandates this matter be remanded to the district court with instructions to reduce its preliminary determination to writing, whereupon the State may appeal for a new hearing in superior court, the effect of which gives Defendant another chance in superior court.

I, on the other hand, view the writing required in G.S. 20-38.6(f) to be procedural in nature. That is, I conclude the superior court did gain jurisdiction to consider Defendant's motion anew once the district court made its preliminary indication, even if not all the requirements of G.S. 20-38.6(f) had been satisfied.

Specifically, G.S. 20-38.7(a) states that the State may appeal from "*any* district court preliminary determination granting a motion to suppress or dismiss." Consider, for example, if a trial court reduced its preliminary determination but without written findings, I believe the superior court would still have jurisdiction to review the matter. Of course, where a determination by the trial court does not meet all the requirements of G.S. 20-38.6(f) (whether by not reducing its determination to writing or by not including written findings and conclusions with its determination), a defendant may object in the superior court to the form of the determination. But, here, Defendant never complained about the form of the trial court's determination when the matter was heard de novo in the superior court.[1]

Here, after a hearing on the matter, the superior court made its "de novo" findings and conclusions, ultimately determining that Defendant's motion should be denied. I agree with the majority that our jurisprudence requires *the district court* to enter the final ruling on Defendant's motion even where it is directed to do so in a certain way by the superior court. *See State v. Fowler*, 197 N.C. App. 1, 11–12 (2009) ("[T]he plain language of N.C.G.S. § 20-38(f) indicates that the General Assembly intended the district court must enter the final judgment [on Defendant's motion]."). And, here, the district court did not do so when the matter was sent back from the

---

[1] Defendant could have asked the matter to be remanded to require the district court to make findings. However, the State would not be bound by those findings anyway, as the State could challenge any of them, whereupon the superior court would make its own findings based on its de novo review.

superior court. Rather, Defendant entered a plea of guilty, reserving the right to appeal the superior court's ruling.

However, the order being appealed by Defendant is the judgment convicting Defendant of impaired driving based on his guilty plea. It is true that his guilty plea was subject to his right to challenge on appeal the order denying his motion to suppress. The majority's mandate is to vacate Defendant's guilty plea, reasoning Defendant has not gotten the benefit of his bargain, as there is no suppression order to review (as the superior court's order, in the majority's view is a nullity).

But since I conclude the superior court did have jurisdiction to consider Defendant's motion, we have something to review, thereby giving Defendant the benefit of his bargain when he pleaded guilty. And I conclude the superior court's order denying Defendant's suppression motion to be supported by adequate findings, evidence and conclusions. Accordingly, I would affirm the judgment convicting Defendant of impaired driving based on his guilty plea.

I recognize there was an error that the order denying Defendant's suppression motion was never properly entered by the *district* court. However, I conclude this error was not prejudicial, as the district court would have been required to enter an order as directed by the superior court. I do not see how this error made any difference in Defendant's decision to plead guilty. My vote is, therefore, to affirm.